JUDGE COEER
delivered the opinion op the court.
Although the appellant’s charter authorizes it to operate its road by running trains thereon, and does not limit the speed at which they may be run, nor require it to ring a bell or blow a whistle at the crossing of public roads, it does not necessarily follow that to omit to give one of these signals, or to take other precautions to avoid injuring persons traveling on intersecting highways, is not a public offense.
It is implied in every grant of corporate privileges that the grantee shall use reasonable and ordinary care and caution to avoid injuring individuals or the general public.
If a business is in its nature hazardous to others the law requires those engaged in that business, whether they be natural or artificial persons, to use such care and caution in its prosecution as common prudence demands. If, as the jury has found, the safety of travelers crossing the appellant’s road demands that warning should be given of the approach of trains, then it is appellant’s duty to cause such signals to be given, and its habitual failure is an offense against the public.
A thing which may be lawfully done may, because of the manner of doing it, become unlawful. As for instance, a city may lawfully excavate in a street for the purpose of constructing sewers and cisterns, or for the purpose of laying water- or gas-pipes, yet the city may, by the careless or unskillful manner of doing so, be guilty of a nuisance.
So it is not unlawful for a railroad, turnpike road, or canal company having authority to construct its work across a public highway, to make an excavation or embankment across such highway in order to construct its own way, but it must *390 take proper precautions for the convenience and safety of the public while the work is in progress.
So, too, it is not unlawful for the owner of an estate to blast rock near to a highway, but if many persons are accustomed to travel the highway at all times during the day, it would be the plain duty of the owner of the estate to give warning when a blast was about to be made, so that those near by might secure their own safety by getting or remaining beyond the reach of harm; and there can be no doubt but habitual blasting under the circumstances supposed without the reasonable and necessary precaution necessary to secure the safety of travelers, would render the owner- of the estate amenable to a public prosecution for a nuisance.
The appellant may lawfully run its trains at any reasonable rate of speed, but it is bound to take reasonable precautions to prevent the enjoyment of its privilege from injuring those crossing its road upon public highways. Their rights are equal to those of the appellant, and each must so enjoy his or its own as not unnecessarily to imperil the safety or impair the privileges of the other.
There is nothing -in these views in conflict with the case of Rex v. Pease (4 Barnwall & Adolphus, 17) cited by appellant’s counsel.
The alleged nuisance in that case consisted in running locomotives and trains which made great noise along the railway track, which was parallel with and very near to a public road.
The railway company’s charter authorized it to locate its road just where it was located and to operate trains on its track. The indictment was for doing the very things authorized by the charter. There was no attempt to hold the defendant liable for failing to use reasonable and necessary precautions in doing that which it was authorized by its charter to do. On the contrary, the jury found expressly that all *391 reasonable precautions consistent with the use of the road had been taken.
If this indictment had been for running the appellant’s trains along or across the turnpike road, whereby the safety of travelers was imperiled, without any charge of a lack of reasonable precautions to avoid injury to those passing on the road, the cases would have been analogous.
That was an indictment for doing a lawful thing, and no more; this is an indictment for doing a lawful thing in an unlawful way.
Tested by these principles the indictment in this case was good, and the instructions were not prejudicial to the appellant.
Judgment affirmed. *