## EDWARD KENADY *vs.* CITY OF LAWRENCE.

Essex. Nov. 5, 1879. — Feb. 27, 1880. COLT & AMES, JJ., absent.

In an action against a city for personal injuries occasioned by a defect in a highway, evidence that, on the day after the injury, a police officer of the defendant called to see the plaintiff, who then informed him of the time, place, and cause of the injury, but did not indicate in any way that he made or intended to make any claim against the defendant for his injury, is not sufficient evidence of a notice under the St. of 1877, *c.* 234, §§ 3, 4.

TORT for personal injuries occasioned to the plaintiff, on January 9, 1878, by an alleged defect in a sidewalk of one of the streets in the defendant city. Answer: 1. A general denial. 2. That the plaintiff failed to give the defendant the notice required by the St. of 1877, *c.* 234. At the trial in the Superior Court, before *Gardner*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, the substance of which is stated in the opinion.

*E. T. Burley*, for the defendant.
*J. K. Tarbox*, for the plaintiff.

SOULE, J. The St. of 1877, *c.* 234, materially changed the law relating to the liability of cities and towns for injuries from defects in highways. The change which bears on the plaintiff's action is wrought by the provisions of § 3, which make it a condition precedent to the maintenance of an action for such injury, that the person injured shall within thirty days thereafter give notice to the county, town, place or persons by law obliged to keep the highway in repair, of the time, place and cause of the said injury or damage. § 4 provides that the notice, in the case of a city, may be given to the mayor, city clerk or treasurer, or to any police officer.

It is plain that the purpose of these provisions is to render it, as nearly as may be, impossible for towns and cities to be imposed upon by fraudulent claims and suits for injuries alleged to have been sustained long before any demand for compensation or notice of any kind has been given to the municipality, and under such circumstances that the city or town has no means of showing whether the alleged defect actually existed, or whether the alleged injury was actually sustained. In order that this purpose of the statute may be effected, it is necessary that in the case of a city, where the notice may be given to any police officer, as well as to the mayor, clerk or treasurer, the notice itself should show affirmatively, either by a form of words, or by the circumstances under which it is given, that it is intended by the party giving it as a notice for the purpose of fixing his right of action. It is not notice to the city if, in a casual conversation, the person injured narrates to his neighbor, who chances to be a police officer, the facts connected with the accident by which he was hurt, even though the narration includes a statement of the time, place and cause of the injury. Else, the statute might have made a knowledge of the facts by the town or city, within thirty days after they occurred, the condition precedent to the right of action. If the narration is made to the officer in his official character, his attention being officially called to it, the question might be raised whether, under all the circumstances, the notice was sufficient under the statute.

In the case at bar, the evidence relied on as proof of notice was a conversation at the plaintiff's house the day following the injury, testified to by one Neal. He was assistant marshal of

the defendant, and called to see the plaintiff, who then informed him of the time, place and cause of the injury, but did not indicate in any way that he made or intended to make any claim against the defendant for his injury. The only legitimate inference from this evidence is that the information was given to the witness casually, merely as a part of a conversation with a friend, and that no suggestion was made that the communication was designed as an official one. This being so, the defendant was affected by the information coming to its police officer thus in no other way than if the same information had come to him from some other source. There was nothing of the character of notice in this communication. It did not indicate that the plaintiff understood that he had any claim against the city. It contained nothing which made it the duty of the police officer to inform other of the city authorities of what he had heard. It gave no warning to any one that the city was in fault, or that its highway was defective, and did not, therefore, put the city on inquiry, as the notice required by the statute is intended to, into the truth of the statements made by the plaintiff, with a view of determining whether he ought to be compensated for his injuries, or his demand contested. No statement of the facts of the injury or accident can be regarded as notice under the statute, unless it appears to have been made with the intention of giving that notice. There is nothing in the evidence which tends to show that the plaintiff wished or attempted to give any notice to the defendant.

We are of opinion, therefore, that the judge of the Superior Court erred in refusing to instruct the jury that there was no evidence that the defendant was duly notified under the statute.

*Exceptions sustained.*