RUFUS E. LYMAN *vs.* COUNTY OF HAMPSHIRE.

Hampden. Sept. 23. — Nov. 5, 1884. C. ALLEN & COLBURN, JJ., absent

In an action for personal injuries occasioned by a defect in a bridge two hundrei and eighteen feet long, the notice given by the plaintiff, under the St. of 1877, c. 234, stated that the injury was received "upon the bridge in question," and that "said injuries were caused by a defect in the planking of the said bridge, one of the plank being insufficient in length, which insufficiency caused a hole in the said bridge into which I fell." The evidence showed that the plaintiff stepped into a hole in the bridge, of certain dimensions, caused by one of the planks being too short; and that there were three holes of a similar character in the floor-planking of the bridge, but there was nothing shown as to the size of these holes, except that they were not so large as the one into which the plaintiff stepped. *Held,* that the notice sufficiently designated the place of the injury, within the statute.

A notice, by a person who had been injured by a defect in a county way, began, "Hampshire, ss.;" was addressed to "W., treasurer county of Hampshire;" and proceeded as follows: "I hereby give you notice that I have this day received bodily injuries;" and stated the time, place, and cause of the injury. *Held,* that it was a sufficient notice to the county, under the St. of 1877, c. 234.

TORT for personal injuries occasioned to the plaintiff by reason of a defect in the flooring of a bridge in Huntington, which was a county way. Trial in the Superior Court, before *Pitman*, J., who reported the case for the determination of this court, in substance as follows:

At the trial, the evidence disclosed that the bridge was a covered bridge, two hundred and eighteen feet in length, with no windows, and the width of the travelled part between the stringers was fourteen and a half feet; that the injury occurred on the evening of November 8, 1881; that it was dark and rainy, and there was only one light on the bridge, a common kerosene lantern suspended eighty-five feet from the east end of the bridge, and twelve feet above the floor; that there was no separate walk for foot-passengers on said bridge; that the defect consisted of a hole in the planking of the upper side of the bridge, and was nine by eleven inches in size, and was caused by one of said planks being too short; that the planking of the floor ran crosswise of the bridge; and that the plaintiff, crossing the bridge on foot, stepped in said hole and was hurt. It also appeared that on the lower side of said bridge there were three holes in the floor-planking similar in character to the one before mentioned which caused the injury; these holes were not so large as the one in question, but the dimensions thereof were not testified to.

The notice relied on, signed by the plaintiff, was as follows, and was seasonably and properly delivered to Lewis Warner, the treasurer of said county: " Hampshire, ss. Huntington, Nov. 8, 1881. To Lewis Warner, Treasurer County of Hampshire: Dear Sir,—I hereby give you notice that I have this day, at or about six o'clock P. M., received bodily injuries upon the bridge in said Huntington, known as and called Norwich Bridge, and situated at or near the house of the late Horace Taylor in said Huntington. Said injuries were caused by a defect in the planking of the said bridge, one of the plank being insufficient in length, which insufficiency caused a hole in the said bridge into which I fell and was bruised in body and limb."

Upon this evidence, the defendant contended that the notice was insufficient, because it was directed to said county treasurer personally, and because it did not sufficiently describe the place

or the cause of the injury. The judge was of opinion that the objection to the direction of the notice was not fatal to the maintenance of the action, but was of opinion that the notice was defective in not sufficiently indicating the place of the injury; and, on this ground, directed a verdict for the defendant, which was rendered.

If the ruling and direction were correct, judgment was to be entered on the verdict; otherwise, the verdict to be set aside and a new trial granted, unless the court should be of opinion that the direction of the notice was a fatal defect, in which case the parties agreed that the verdict should stand.

*E. H. Lathrop*, for the plaintiff.

*W. G. Bassett*, for the defendant.

MORTON, C. J. The plaintiff's cause of action accrued while the Sts. of 1877, c. 234, and of 1879, c. 244, were in force. Under these statutes it was necessary for him to give, within thirty days after his injury, written notice to the county of Hampshire " of the time, place, and cause of the said injury." It is admitted that the notice which was given in this case sufficiently states the time and the cause of the injury; but the defendant contends that it does not state with sufficient definiteness the place of the injury.

The notice states that the injury was received " upon the bridge in said Huntington, known as and called Norwich Bridge, and situated at or near the house of the late Horace Taylor in said Huntington." The place on the bridge where the accident happened is pointed out by the statement, that " said injuries were caused by a defect in the planking of the said bridge, one of the plank being insufficient in length, which insufficiency caused a hole in the said bridge into which I fell." Taking the whole notice together, the place of the injury is described as being on the bridge at a point where there existed a hole, caused by a short plank, so large that the plaintiff stepped or fell into it.

*Prima facie*, this was a sufficient notice of the place. The object of the statute was that the officers of the county or town should be informed promptly, with substantial certainty, of the time, place, and cause of the injury, so that they might investigate the question of the liability of the county or town.

*Spellman* v. *Chicopee,* 131 Mass. 443. *Cronin* v. *Boston,* 135 Mass. 110. The notice in this case called the attention of the officers of the county to a large hole in the planking as the place and cause of the plaintiff's injury. They would naturally be led by it to examine the flooring of the bridge, and could not fail to find the defect described in the notice. *Lowe* v. *Clinton,* 133 Mass. 526.

In this case, there was no evidence that there was more than one hole capable of causing the plaintiff's injury. He stepped into a hole eleven inches long and nine inches wide, caused by one of the planks being too short. It appeared in evidence that there were three holes of a similar character in the floor-planking of the bridge, but nothing was shown as to the size of these holes, except that they were not so large as the one into which the plaintiff stepped. There is nothing to show that the officers of the county did not derive from the plaintiff's notice and an inspection of the bridge a knowledge of the precise place where the injury was received. The ruling, as matter of law, that the notice was fatally defective, in not stating the place of the injury, was erroneous.

The defendant also contends that the notice was fatally defective, because it was addressed to "Lewis Warner, Treasurer County of Hampshire." The statute provides that " the notice hereinbefore required may be given in the case of a county, to any one of the county commissioners or to the county treasurer." St. 1877, *c.* 234, § 4. It was held under the St. of 1877, and is equally true of written notices under the St. of 1879, that the notice itself should show, either by a form of words, or by the circumstances under which it is given, that it was intended by the party giving it as a notice for the purpose of fixing his right of action. *Kenady* v. *Lawrence,* 128 Mass. 318.

The notice in this case is brief and bald, but we think it fairly meets this test. It begins " Hampshire, ss.," and is addressed to " Lewis Warner," in his official capacity as treasurer of Hampshire county ; then follows, " Dear Sir, — I hereby give you notice that I have this day received bodily injuries," &c. The form of the instrument shows that it was not intended as a private communication to Lewis Warner, but that its purpose was to notify formally the treasurer of the county of the injury

to the plaintiff, as a basis of a claim for compensation against the county, whose duty it was to keep the bridge in repair.

For these reasons, we are of opinion that the plaintiff was entitled to go to the jury. *New trial ordered.*