THOMAS W. DONAHOE *vs.* OLD COLONY RAILROAD
COMPANY.

Suffolk.    January 19, 1891. — February 27, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, & MORTON, JJ.

*Employers' Liability Act — Railroad — Negligence of Conductor —*
*Proximate Cause — Due Care — Notice.*

The conductor of a freight train may properly be found to be in charge thereof, within the St. of 1887, c. 270, § 1, cl. 3, when a brakeman thereon is injured because of a defect in one of the cars, although such conductor is temporarily absent upon a duty incident to the proper management of the train, and nothing is done meanwhile contrary to his orders or expectation of what would be done.

In an action, under the St. of 1887, c. 270, against a railroad company for personal injuries occasioned to a brakeman on a freight train, it appeared in evidence that the plaintiff's post was at the forward end of the train, a part of his duty being to do the uncoupling there; that the conductor in the plaintiff's absence chained to the engine a car upon which a draw-bar was broken, and when he met the plaintiff shortly afterwards told him to be at his post, but omitted to mention the broken draw-bar; and that at the next stop, during the conductor's temporary absence upon a duty connected with the proper management of the train, the plaintiff, while attempting, without specific orders from the conductor and in ignorance of the danger, to uncouple such car from the engine, so that the engine might assist in making up the train, was caught between the engine and the car by reason of the broken draw-bar and injured. *Held,* that whether the conductor's omission amounted to negligence on his part which was the

proximate cause of the injury, and whether the plaintiff was in the exercise of due care, were for the jury.

A notice to a railroad company that a brakeman on a certain day was injured on the railroad, within "one hundred yards northerly" of a station named, by being caught between a car and a locomotive engine "by reason of a broken draw-bar" upon the car, which permitted the tender of the engine to run up against the end of the car and crush his leg, is sufficient notice of the time, place, and cause of the injury, within the St. of 1887, c. 270, § 3.

TORT, under the St. of 1887, c. 270, § 1, cl. 3, to recover for personal injuries occasioned to a brakeman employed by the defendant upon a freight train, through the alleged negligence of the conductor in charge of the train. Trial in the Superior Court, before *Lathrop,* J., who allowed a bill of exceptions, in substance as follows.

There was evidence that, on the evening of October 15, 1888, the plaintiff, who was employed by the defendant as a brakeman upon its Providence division, was at work upon a freight train, made up of empty coal cars called dump cars, which left Boston about seven o'clock for East Providence; that besides the engineer and fireman on the locomotive engine, there were upon the train a conductor and several brakemen; that the conductor was in general charge of the train, and the brakemen were subject to his orders; that the plaintiff was stationed at the forward end of the train, a part of his duty being to attend to the coupling and uncoupling there; that among other duties of the conductor was that of taking the numbers of all cars attached to the train and of reporting the same, and of informing the brakemen of any danger resulting from any accident to the train; that all the brakemen on the train were equipped with lanterns, and when the train reached Jamaica Plain it was so dark that they were obliged to use them at their work; that at that point the engine was detached from the train and backed upon a side track to pick up some empty cars, and in so doing the draw-bar upon one of them was broken; that thereupon the conductor, with the assistance of a brakeman other than the plaintiff, chained this car to the engine; that at this time the plaintiff was at the rear of the train, and knew nothing of the breaking of the draw-bar or of the chaining of the car to the engine; that shortly afterwards, and before the train started again, the conductor, while on his way to the rear of the train, met the plaintiff and spoke to him

expressing his surprise that he was not at the forward end of the train, but omitted to tell him of the broken draw-bar; that the train started on its way, and when it reached Hyde Park the conductor jumped off to take the numbers of certain empty cars which were to be attached to the train, and which stood there upon a side track reaching nearly to Readville, the next station; that meanwhile the train proceeded to Readville, which was a short distance beyond; that, after some cars were left on a side track at Readville, the plaintiff, who was at the time in the second car from the engine, was told by one of the other brakemen, without any specific orders from the conductor, to " Pull your head-pin and come back to Hyde Park after these empties "; that the plaintiff should properly, under the circumstances, have uncoupled the engine and the first car from the rest of the train for that purpose, but, being ignorant that the draw-bar was broken, he stepped into the car chained to the engine, and, throwing his right leg over the front end of it, stood with his right foot upon an iron foot-rest attached to the car; that, without looking down to see, with the aid of his lantern, whether the draw-bar was all right, he called out to the engineer to back the engine so that he could pull out the coupling pin easily; and that thereupon, as the engine was backed quickly, the tender came in close contact with the front end of the dump car and crushed the plaintiff's leg, causing the injuries in question. It was admitted that the accident would not have happened but for the broken draw-bar; and that the plaintiff was injured in attempting to uncouple the car from the engine so that the engine might go and do something else.

On November 13, 1888, the plaintiff gave the following notice to the defendant:

" The Old Colony Railroad Company is hereby notified that on the fifteenth day of October, 1888, when within one hundred yards northerly from the railroad station at Readville, Mass., on that part of the said Old Colony Railroad Company formerly known as the Boston and Providence Railroad Company, I was injured by my right leg being caught between a dump car and tender of an engine, I, at the time, standing on the dump car, which was the first car of a train of cars to which said tender of said engine was attached. Said injury was caused by reason of

a broken draw-bar on the dump car, which allowed the dolly-varden on the tender of the engine to run up against the end of the dump car, and which caught and injured my leg. This notice is given under the provisions of chapter 270 of the Acts and Resolves of Massachusetts of the year 1887, and of chapter 155 of said Acts of the year 1888."

The plaintiff offered the above notice in evidence, and the judge admitted it, against the defendant's objection; and the defendant excepted. The judge at the close of the evidence refused to order a verdict for the defendant, and the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. H. Benton, Jr.,* for the defendant.

*M. J. Creed,* for the plaintiff.

C. ALLEN, J. The defendant presented no special requests for instructions, but asked the court to order a verdict for the defendant on the whole evidence. No exceptions were taken to the instructions to the jury in matters of detail, but the defendant contended that the case upon the evidence did not come within the employers' liability act, and that the plaintiff was not entitled to recover.

The first position taken by the defendant in this court is, that when the plaintiff was injured the conductor was not in charge of the train, within the meaning of the statute. But we think the evidence would warrant the jury in finding that he remained in charge of the train, although he was not upon it at the moment of the injury. It did not appear, and indeed there has been no suggestion, that in the general management of the train anything was done contrary to his orders, or which he would not naturally and reasonably have expected to be done. If the conductor had been present at the time of the injury, he would not probably himself have given an order to uncouple the first dump car from the engine, knowing as he did that it was chained to the engine; but the work which was undertaken at Readville might well be found to be the work which was incident to the proper management of the train, according to his directions or to his understanding and expectation of what was to be done. His personal absence might well be found to have been but temporary, and not such as to require a finding that he was no longer in charge of the train, although he was not at the moment

upon it, but was at Hyde Park, — which according to one witness was but a very short distance away, — performing other duties connected with the general management of the train.

The defendant further contends, that the conductor was not negligent in omitting to tell the plaintiff of the broken draw-bar, because the movements of the train and the coupling and uncoupling of cars were wholly under his direction, and a brakeman was not expected to uncouple cars without his orders. But when the conductor left the train at Hyde Park, and permitted it to proceed without him to Readville, it might properly be inferred by the jury that he expected and permitted such things to be done as were necessary in the management of the train until he should rejoin it, without a specific order from himself for each particular act; and if so, it might properly be found to have been negligence on his part in omitting to tell the plaintiff of the broken draw-bar.

It is however urged that such negligence, if it existed, was not the proximate cause of the plaintiff's injury. This objection rests on the same ground as the last, namely, that it was not to be expected that the plaintiff would attempt to uncouple the car without a specific order from the conductor. But the jury were not bound to assume that the conductor expected the whole work to stop because he had temporarily left the train for the purpose stated. The jury might well find that what was done by the plaintiff and the other men upon the train was done in the ordinary course under the circumstances, and that the injury to the plaintiff was a natural and proximate result of the omission to inform him of the broken draw-bar. It was admitted at the trial that the plaintiff " was injured in attempting to uncouple the car from the engine, so that the engine might go and do something else."

Nor can we say that the plaintiff was not in the exercise of due care. If such an accident had happened as the breaking of the draw-bar, especially upon a car which was at his end of the train, he might well expect to be told of it by the conductor, if the fact was known to the conductor. There was evidence that, only a short time before, the conductor had spoken to him, telling him in substance to be at his post, at the head end of the train. The conductor knew that the plaintiff was the very

man whose position of duty would lead him to do what was to be done upon the car with the broken draw-bar.    The plaintiff might well rely to some extent on the assumption that, if the conductor knew of a broken draw-bar, he would mention it.

The notice was sufficient.    It states accurately the time, place, and cause of the injury.    St. 1887, c. 270, § 3.

*Exceptions overruled.*