PATRICK DAVIS vs. NEW YORK, NEW HAVEN, AND HART-
FORD RAILROAD COMPANY.

Hampden.   September 27, 1893. — October 19, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Railroad — Due Care — Negligence — Employers' Liability*
*Act — Action.*

A person employed by a railroad corporation as one of a gang of workmen engaged
in repairing a track, the nature of whose work requires him to bend over, with
his back in one direction from which trains come, has a right to rely upon the
fact that it was the duty of the foreman of the gang to warn him of the approach
of a train; and if, by reason of the foreman's neglect to give him such warning,
he is struck by a train and injured, he may maintain an action against the corpo-
ration for his injury, under the employers' liability act, St. 1887, c. 270, alleging
that the foreman, being a person intrusted with and exercising superintendence,
negligently failed to give warning of the approach of the train.

HOLMES, J.   This is an action for personal injuries.   The
plaintiff was run down by a train while he was repairing a track
for the defendant, doing work which required him to bend over.
He was facing north, and the trains came from the south, so
that, as he contended, he had to rely on others to warn him of
their approach.   It was the duty of the foreman of his gang, or
section boss, as he was called, to warn him.   The plaintiff went
to trial on two counts under the employer's liability act, St.
1887, c. 270, the second count alleging that the foreman, being
a person intrusted with and exercising superintendence, etc.,
negligently failed to give warning, and the first count that the
engineer of the train negligently failed to give any warning.
The case is here on exceptions to the judge's refusal to take the
case from the jury, on the usual ground that there was no evi-
dence of the negligence alleged or of the plaintiff's due care.

The question whether there was any neglect on the part of
the foreman is the point most argued.   It depends on the inter-
pretation of the plaintiff's testimony.   The foreman and the
section hand agreed that the foreman gave the usual warning.
The plaintiff testified as follows: " I cannot tell about signals at
the time I was struck, because I was knocked senseless; so far

as I know, there was no signal of the approaching engine given up to the time I was struck; there was no warning that I know of in any manner, shape, or form by anybody given to me of the approach of this engine; I did not see Glynn [the foreman], or I did not know where he was at the time; I did not hear any warning of any kind, and I am not hard of hearing either."

The last words mean a good deal more than that the witness's memory is a blank.  They mean that the witness remembers that his mind was not reached by a warning which he was prepared for, and which, if it was given, was directed toward him, and had the reaching of his mind as its very purpose.  Under some circumstances, testimony that a witness did not hear a sound is not sufficient evidence that it was not made; for it may appear that his attention was occupied with other things, and that he had no interest which would pick out and bring forward such a sign from the confused background of semi-consciousness.  *Hubbard* v. *Boston & Albany Railroad, ante*, 320.  But where, as here, if the sound was made, the witness, for outward or inward reasons, would have been likely to be aware of it, his testimony that he did not hear it is evidence that it was not given.  *Menard* v. *Boston & Maine Railroad*, 150 Mass. 386, 387.  *Johanson* v. *Boston & Maine Railroad*, 153 Mass. 57, 59.  *Hendricken* v. *Meadows*, 154 Mass. 599.  In the present case the plaintiff meant to be understood, by the words " and I am not hard of hearing either," as politely but definitely taking issue with testimony which he anticipated that the foreman gave the warning.  We have nothing to do with the credibility of the story, of course, but in our opinion this evidence was categorical in favor of the plaintiff.  Indeed the plaintiff's case can be sustained on a narrower ground.  Even if the foreman's testimony was believed, the jury well might find that his warning was not effectual and that he had no sufficient reason to believe that it was effectual and was negligent for that reason.

The judge was not asked to rule that there was no evidence that the section foreman was a person intrusted with and exercising superintendence.  The point seems to have received no attention, but the question was put to the jury incidentally.  There is no doubt that they were warranted in finding as they did.  The foreman himself testified that he just looked on and

saw that the work was done. It seems to have been admitted that he was not at work himself with pick and shovel, and that at least one purpose of his being there was to give warning. Thus the nature of his occupation was shown to be different from what a majority of the court has thought proper to be assumed with regard to a section foreman on a hand car, in the absence of other evidence than that he was engaged with one of the hands in inspecting the track. *Shepard* v. *Boston & Maine Railroad,* 158 Mass. 174, 177.

No serious complaint is made of the instructions of the court as to negligence on the part of the engineer. The jury were told that the plaintiff could not rely on the failure, if there was one, to give the statutory signals at a whistling post in the plaintiff's rear as a distinct ground of action, and that his duty to do so was imposed with reference to another class of people. This seems to have been nearly all that was said with regard to the alleged omission of the train to give warning as a ground of liability. The charge probably was understood to mean that there could be no recovery on that ground apart from the alleged failure of the foreman to do his duty.

If the jury were allowed to find against the defendant on the first count, the judge did not go further than to allow them to consider the evidence that the track was straight for two miles or more, and that no precautions were taken on the train, as some evidence of negligence on the part of the defendant. *June* v. *Boston & Albany Railroad,* 153 Mass. 79, 82, 83. *Taylor* v. *Delaware & Hudson Canal Co.* 113 Penn. St. 162, 176. *Byrne* v. *New York Central & Hudson River Railroad,* 104 N. Y. 362. *Funston* v. *Chicago, Rock Island, & Pacific Railway,* 61 Iowa, 452, 459. *Louisville & Nashville Railroad* v. *Commonwealth,* 13 Bush, 388, 389. *Dublin, Wicklow, & Wexford Railway* v. *Slattery,* 3 App. Cas. 1155, 1164. No question was raised or argued as to the engineer being a person who had charge or control of the train within § 1, cl. 3, of the act. No doubt, for many purposes the conductor has the control. *Donahoe* v. *Old Colony Railroad,* 153 Mass. 356. But if the statute is to be of any use in cases of running down or collision, the engineer must be regarded as the person in charge so far as giving signals or slackening speed at the approach of danger is concerned. See

*Steffe* v. *Old Colony Railroad*, 156 Mass. 262, 264. *Cox* v. *Great Western Railway*, 9 Q. B. D. 106, 109, 110. *Haysler* v. *Great Western Railway*, 72 L. T. 120.

With reference to the plaintiff's care, this case might be found not to be governed by the decisions cited in *Tyler* v. *Old Colony Railroad*, 157 Mass. 336, 340, asserting the obligation to use eyes as well as ears even where there is a duty to give warning by sound. The defendant had put the plaintiff in a position in which the more closely he attended to his duty the less he was able to be on the watch, and had put a foreman there for the express purpose of warning him. Under such circumstances the jury well might say that the plaintiff was justified in relying on the foreman's doing what the defendant admitted that he was bound to do, and said that he did. A man alongside another in this way can make sure of his warning being understood. The case is not like one where the only warning relied on must come from the train. See *Maher* v. *Boston & Albany Railroad*, 158 Mass. 36; *Steffe* v. *Old Colony Railroad*, 156 Mass. 262, 264; *Anderson* v. *Northern Mill Co.* 42 Minn. 424, 426; *Wallace* v. *Central Vermont Railroad*, 138 N. Y. 302.

As we have indicated, we do not understand the instructions to have meant that the jury were at liberty to find against the defendant on the ground of the failure of the train to signal, and of the plaintiff's having relied on a warning from that source, without more. No special attention was called to that possible view of the facts. The questions as to the plaintiff's care were whether his reliance on the foreman excused him from keeping watch, and whether the foreman did not do his admitted duty. If because of the statute, or for any other reason, the defendant's trains were in the habit of giving a signal at the whistling post, and the plaintiff knew it, that would not have been enough by itself alone to excuse him from the general duty of using his eyes. *Shea* v. *Boston & Maine Railroad*, 154 Mass. 31. *Aerkfetz* v. *Humphreys*, 145 U. S. 418, 421. *Lynch* v. *Boston & Albany Railroad, post*, 536. But the jury properly was instructed that the plaintiff had a right to depend upon his knowledge to some extent, and that they might take the fact into account in connection with the evidence that on this occasion no signal was given, as bearing on his care. *Iltis* v. *Chicago, Milwaukee, & St. Paul*

*Railway*, 40 Minn. 273, 279, 280. *Anderson* v. *Northern Mill Co.* 42 Minn. 424. *Hawley* v. *Chicago, Burlington, & Quincy Railway*, 71 Iowa, 717. It is suggested that the plaintiff took the risk of the danger. In general, it is not negligent not to anticipate wrongful negligence on the part of a defendant. *Hayes* v. *Hyde Park*, 153 Mass. 514. And assuming that there is a difference in the proposition, a workman does not take the risk that a person intrusted by his employer with and exercising superintendence will be negligent in the exercise of that duty. If he were held to do so, the statute would be made of no avail. *Malcolm* v. *Fuller*, 152 Mass. 160, 167. See *Smith* v. *Baker*, [1891] A. C. 325.

It is not argued that the notice was insufficient. We see no trouble with it.                              *Exceptions overruled.*

*G. M. Stearns*, for the defendant.
*J. B. Carroll*, for the plaintiff.