THOMAS F. CARROLL *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Worcester.    September 30, 1902. — October 31, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence,* Employer's liability, assumption of risk, statutory notice.    *Railroad.*

A freight handler does not assume the risk of the failure of a conductor of a freight train to give a customary warning of its approach, nor does he assume the risk of an approaching train being driven in on a track at an unreasonable rate of speed.

St. 1894, c. 389, relating to notices of the time, place and cause of bodily injuries, does not by the provision that the notice shall "claim damages or payment therefor" require the notice to claim damages in terms if it appears from the notice that it is intended as a basis of a claim against the person to whom the notice is given.

The conductor of a freight train may be found to be in charge of it although temporarily absent upon a duty incident to the proper management of the train if meanwhile nothing is done contrary to his orders or expectation. Still more can he be found to be in charge of the train when he testifies "I was directing the train by motion. The engineer responded to the motion I gave him."

TORT by a freight handler for injuries alleged to have been caused by the negligence of the defendant while the plaintiff was employed at its station at Millville.    Writ dated July 6, 1900.

At the trial in the Superior Court before *Gaskill,* J., the jury returned a verdict for the plaintiff in the sum of $2,700; and the defendant alleged exceptions.

*A. P. Rugg,* for the defendant.

*R. B. Dodge & W. J. Taft,* for the plaintiff.

LATHROP, J.    This is an action of tort under the St. of 1887, c. 270, § 1, cl. 3, for injuries received by the plaintiff on May 1, 1900, while in the defendant's employ.    The declaration contained five counts.    The plaintiff at the trial waived the first and last counts, and the other three counts were submitted to the jury, and a verdict in favor of the plaintiff was returned on the second and fourth counts.    The first of these charges negligence of a conductor in charge of a train in not warning the plaintiff of the approach of the train, whereby the plaintiff, being in the exercise of due care, was injured.    The other count

charges the negligence of the conductor to have been the pushing and driving of his train with unreasonable and unnecessary force, and at unreasonable and unnecessary speed against a car standing on the track of the defendant, in which the plaintiff was then engaged in the course of his employment. The case is before us on the defendant's exceptions.

The plaintiff was employed by the defendant at its Millville station in Blackstone, to carry the mail, and do work about the cars and freight station, loading and unloading freight. At this station there are four tracks, running north and south, between the passenger station on the east and the freight station on the west of the tracks. The track nearest the passenger station is called the north bound track and the next westerly is called the south bound track, these being the main tracks. Next westerly is the so called middle track which connects with the main track at both ends, and next to the freight station is the house track, so called, which connects with the middle track at both ends.

The plaintiff had been in the employ of the defendant two years, as a freight handler. At the time of the injury, he was in a freight car standing near the southerly end of the house track, engaged with one Hartnett in piling up empty beer kegs in the car. This car stood alone, with its brakes set. From twenty to fifty yards north of the car in which the plaintiff was working, were three cars with their brakes set. While the plaintiff was at work piling up the beer kegs in the car standing by itself, a local freight train bound north, consisting of a locomotive engine, eleven cars and a caboose, came into the station on the north bound track, ran about half a mile north of the station, and then backed down on to the house track with such speed that it came into collision with the three cars coupled together, and drove them down upon the car in which the plaintiff was working, with sufficient force to send this car from twenty-five to thirty feet down the track, throwing some of the kegs in the car against the plaintiff, thereby causing the injuries complained of, and throwing other kegs out of the car door.

There was evidence that when a train was coming on the house track, there was a rule or custom that the conductor of the train coming should give a warning, and that no warning

was given on this occasion. The fact that it was customary to give a warning does not appear to have been disputed. If we assume that the testimony of the conductor shows a warning to Hartnett or in his presence, this testimony was contradicted, and so the question was for the jury.

There was contradictory evidence on the question whether the conductor left the train before or after the accident. The conductor and some other witnesses testified that he left the train when it was opposite the station, going north. A witness for the plaintiff testified that the conductor was on the top of the rear car when the train was backing down, and that the witness saw the conductor give the motion to stop while the latter was on the train.

At the close of the evidence, the defendant asked for several instructions which were not given. The first of these, that on all the evidence in the case the plaintiff cannot recover, was not argued, and we regard it as waived.

The second request was as follows: " If the jury believe that the injuries suffered by the plaintiff were due to the want of warning of the approach of the cars under the control of the conductor, then this want of warning was one of the risks which the plaintiff assumed in his employment, and he cannot recover."

We are of opinion that the judge rightly refused so to rule, and that the question was for the jury. The plaintiff assumed the risks ordinarily incident to the work he was doing; but he had a right to assume that a warning would be given when a train was about to back down on the house track, if, as the testimony showed, it was customary to give such warning. *Davis* v. *New York, New Haven, & Hartford Railroad*, 159 Mass. 532. He also had the right to assume that the train would not be driven in on the house track at an unreasonable rate of speed.

The fourth request was: " No sufficient notice, as required by law, was given by the plaintiff to the defendant, and the defendant is entitled to a verdict." The notice is addressed to the defendant, described in part as having a usual place of business in Worcester, in the county of Worcester. It is dated May 19, 1900, and proceeds as follows: " I Thomas F. Carroll, of Blackstone, in said county, hereby give you notice that on the first

day of May, 1900, at about 9.45 o'clock A. M., while in your employ at the Millville station on the Providence and Worcester Division of your railroad system, and engaged in loading a freight car, by reason of the negligence of a person in your employ having charge or control of one of your locomotive engines and trains upon said railroad at said station, a car was so carelessly and negligently pushed or driven against said car in which I was employed at that time that I was thrown down, and the barrels or kegs in said car in which I was then working were thrown upon me, whereby I was greatly bruised and injured." This was signed "Thomas F. Carroll, by Dodge & Taft, his attorneys."

The statute in force at this time was the St. of 1894, c. 389, the first section of which reads as follows: "In an action to recover for bodily injury, or damage to a person in his property, hereafter sustained, no defendant shall avail himself in defence of such action of any omission to state in the written notice now required by law, the time, place or cause of the injury or damage, unless, within five days after the receipt of a written notice given by the person entitled to give the same within the time now required by law, which notice shall refer to the injury or injuries sustained and claim damages or payment therefor, the person or corporation receiving such notice, or some one in his or its behalf, shall give to the person injured, or to the person giving or serving such notice in behalf of the person injured, or to the executor or administrator of the person injured, a notification in writing that the notice given is not in compliance with the law, and requesting forthwith a further written notice which shall comply with the law. And if the person legally authorized to give such notice shall, within five days after the receipt of such notification and request for a further written notice, give a further written notice complying with the law as to the time, place and cause of the injury or damage; such notice shall be of the same legal effect as if it had been given at the time of the original notice, and shall be considered as a part thereof."

The objection made to the notice is that it does not comply with the words of the statute above quoted: "which notice shall refer to the injury or injuries sustained and claim damages or payment therefor." It is obvious that under any construction

of the statute the notice does refer to the injuries sustained.    It still is to be considered whether the plaintiff's case should be thrown out of court because the notice does not in terms claim damages.    The sentence in question is a parenthetical one.  The object of the statute is to require the person or corporation notified, if there is any omission in the notice to state the time, place or cause of the injury or damage, to give within five days a notification that the notice given is not in compliance with the law, and request a further written notice which shall comply with the law.    Then if the person legally authorized to give the notice shall within five days give a further written notice complying with the law as to the time, place and cause of the injury or damage, such notice shall be of the same legal effect as if it had been given at the time of the original notice.

It is much more reasonable to suppose that the parenthetical sentence was intended as a statement of the existing law, than as a new enactment.    If the defendant's contention is correct, the Legislature has put the insertion in a notice of a claim for damages on a higher plane than the statement of the time, place and cause of the injury.    We cannot suppose that this was the intent of the Legislature, or that the parenthetical clause means anything more than that it must appear from the notice that it was intended as a basis of a claim against the person to whom the notice is given.    Such has been held to be the law since a notice was required to be given.    *Kenady* v. *Lawrence*, 128 Mass. 318.    *Taylor* v. *Woburn*, 130 Mass. 494.

In *Lyman* v. *Hampshire*, 138 Mass. 74, 77, it is said by Chief Justice Morton: "It was held under the St. of 1877, and is equally true of written notices under the St. of 1879, that the notice itself should show, either by a form of words, or by the circumstances under which it is given, that it was intended by the party giving it as a notice for the purpose of fixing his right of action."    The notice in that case was no more explicit on this point than the one before us, yet it was held to be sufficient. See also *Driscoll* v. *Fall River*, 163 Mass. 105.

In the present case the notice was signed by a firm of lawyers, and was served by a deputy sheriff.    There can be no doubt that this sufficiently informed the defendant that the plaintiff claimed damages.

The sixth request for instructions is as follows: " There is no evidence to warrant a recovery upon counts two and four of the plaintiff's declaration." As to count two the defendant contends that at the time it was possible for the conductor to give the warning he was not in charge or control of the train. But a conductor of a freight train may be found to be in charge thereof, although he is temporarily absent upon a duty incident to the proper management of the train, and nothing is done meanwhile contrary to his orders or expectation of what would be done. *Donahoe* v. *Old Colony Railroad*, 153 Mass. 356.

As to the fourth count, the defendant contends that the testimony of the conductor indicates that he gave the signal to stop in ample season to stop the train, and that one Burns testified that he saw the conductor giving the signal to stop as soon as he saw the train coming down the track. We are unable to find any such testimony given by Burns. Whatever the testimony of the conductor may indicate he did not testify to the fact, and if he had the jury were not bound to believe him. There can be no doubt that the jury were warranted in finding that the conductor was in charge or control of the train. He himself testified: " I was directing the train by motion. The engineer responded to the motion I gave him." There is also no doubt that the jury were warranted in finding that the speed of the train, in backing down, was unreasonable and unnecessary; and in finding for the plaintiff on this count.

*Exceptions overruled.*