JOSEPH I. HUTCHINSON *vs.* HOWARD P. CONVERSE & another.

Middlesex.   December 7, 1910. — March 1, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence*, Employer's liability, In tearing down building.   *Evidence*, Presumptions and burden of proof, Uncontradicted.

At the trial of an action by a workman against his employer for personal injuries alleged to have been received because of negligence of a superintendent of the defendant while the plaintiff was in charge of a portable engine and was helping to tear down a building, there was evidence tending to show that in the work being done it was necessary to raise a certain truss weighing two tons by the use of a derrick operated by the engine that the plaintiff was in charge of, that immediately above the truss was an iron pipe or brace, which, if it contained no flaw, would resist a strain of twenty tons, that the superintendent either saw the iron pipe or should have seen it and nevertheless communicated to the plaintiff a signal to start his engine, that thereby the truss was raised and the pipe was broken and fell upon the plaintiff, and that the plaintiff was not aware of the danger incident to obeying the order of his superior and starting the engine. *Held,* that the questions, whether the superintendent was negligent and whether such negligence caused the injury to the plaintiff, were for the jury.

A jury are not bound to believe evidence merely because it is uncontradicted.

An employee, who is in charge of a portable engine, which operates a derrick, and is assisting in the tearing down of a building, does not as a matter of law assume the risk of negligence of a superintendent in directing him to start his engine when doing so will cause a truss to be raised in such a manner as to strike an iron brace and cause it to break and fall upon the employee.

If an employee, who is in charge of a portable engine, which operates a derrick, and is assisting in the tearing down of a building of a third person, is injured because his superintendent negligently directs him to start his engine and thus causes a truss to be raised against an iron brace, breaking the brace and causing it to fall upon the employee, his right of recovery against his employer is not affected by the fact that another cause of the breaking of the iron rod was a latent defect therein from crystallization or some other cause.

If an employee, who was in charge of a portable engine, which operated a derrick, and was assisting in the tearing down of a building of a third person, was injured because his superintendent negligently directed him to start the engine and caused a truss to be raised against an iron brace, breaking the brace and causing it to fall upon the employee, his right of recovery against his employer is not affected by the fact that he saw the iron brace above the truss and yet raised the truss so that it hit the brace, if it also might be found that, when he set his engine in motion to raise the truss exactly as he was directed to do by the superintendent, and while the engine was in motion, he could not tell how high the truss was going or whether it would hit the brace.

The mere fact that an employee knows or should know that, if he does an act which his superintendent directs him to do in the way in which he is directed to

do it, he runs a risk of injury if the superintendent causes the work to be done in a negligent manner, is not fatal to his recovering from his employer in case he thereby is injured, because he has a right to expect the superintendent to use due care in managing the work.

TORT for personal injuries received by the plaintiff while employed by the defendants in the tearing down of a building at the United States Arsenal at Watertown, the plaintiff being in charge of a portable engine.   Writ dated July 10, 1908.

The declaration was in three counts, but the case was submitted to the jury on the second count only, which alleged as the cause of the plaintiff's injuries negligence of a superintendent of the defendants.

The case was tried before *Bell*, J.   The facts are stated in the opinion.   At the close of the evidence the defendant asked the judge to give the following rulings :

" 1. Upon all the evidence in the case the plaintiff is not entitled to recover.

" 2. There is no evidence of negligence as to the way in which the loose end of the pipe or stack brace was left at the time the signal to hoist was given.

" 3. Even if any such negligence has been shown the plaintiff knew the fact and the obvious danger if there was any and assumed the risk.

" 4. The removal of heavy trusses like these in question is always attended with risk and danger to those employed in and about the work of such removal, and the danger was as obvious to plaintiff as to any one else on the ground.

" 5. If the accident was due primarily to the breaking of the iron rod which connected the two main chords of the truss, and that break was due to a latent defect in the iron from crystallization or from some other cause, the plaintiff cannot recover.

" 6. If the accident was due primarily to the breaking of the iron brace or pipe connecting smokestack and roof, and that break was due to a latent defect in the iron from flaws or some other imperfection therein, the plaintiff cannot recover.

" 7. If Hutchinson saw the brace above the truss or resting on the truss, and raised the truss so that it hit the brace, he assumed the risk of the breaking of the brace. : The plaintiff assumed the risk of the breaking of the brace.   If plaintiff knew or should

have known of the danger of the breaking of the brace, he cannot recover."

· The judge refused to give any of these rulings. The jury found for the plaintiff in the sum of $495 ; and the defendants alleged exceptions.

*W. B. Farr*, for the defendants.

*H. C. Long*, for the plaintiff.

SHELDON, J.   The defendants' first, second and third requests for instructions were rightly refused.   The jury could find that the iron pipe or brace which broke was either resting upon the truss that was to be moved, or passed over the truss at some little distance above it ; that the defendants' superintendent saw this or ought to have seen it, but negligently caused the truss to be raised up against the brace so that the latter broke and fell, and thus caused the injury to the plaintiff.   They also could find that the plaintiff was not aware of this danger and did not assume the risk which it caused ; that he was doing the work which he was employed to do, following exactly the directions which he received, and was exercising due care.   This is enough.   The jury were not bound to believe the testimony put in by the defendants, although this was uncontradicted.   *Lindenbaum* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 314, 323.   Even if the truss weighed only two tons or less and the iron pipe or brace but for a concealed flaw would have resisted a steady strain of approximately twenty tons, the jury could find that the shock caused by the momentum of the moving truss exceeded this strain, in accordance with a well known law of mechanics, and that the superintendent should have foreseen this danger and guarded against it, or at least have warned the plaintiff of what was liable to happen.

The fourth request should not have been given.   The plaintiff did not assume the risk of the superintendent's negligence in causing the truss to be raised up in such a manner as to strike against the brace running from the smokestack.   *Davis* v. *New York, New Haven, & Hartford Railroad,* 159 Mass. 532, 536. It was for the jury, not the court, to say whether the danger was as obvious to the plaintiff as to any one else on the ground.

The fifth request could not have been given as framed.   The

jury could find that the breaking of the iron rod was itself due to the violent shock or impact of the truss upon the pipe or brace running from the smokestack, and that this shock was due to the superintendent's negligence. In that event, the direct cause of the whole accident was negligence for which the defendants were liable. But this contingency was not covered by the request.

Exactly the same reasoning applies to the sixth request. That too was rightly refused.

It does not follow, in the words of the seventh request, that if the plaintiff saw the brace or iron pipe above the truss or resting thereon, and raised the truss so that it hit the brace, he assumed the risk of its breaking. It could be found that he set his engine in motion and thus raised the truss exactly as he was directed to do by the superintendent through the tagman, and that while so doing he could not tell how high the truss was going or whether it would hit the brace. Nor would the fact, that he knew or should have known that there would be danger of the breaking of the brace if the superintendent caused the truss to be raised in a negligent manner, be fatal to a recovery. He had a right to expect the superintendent to use due care in managing the work. The seventh request was rightly refused.

There is no complaint but that full and accurate instructions were given to the jury.

*Exceptions overruled.*