PROPRIETORS OF THE *eight thousand-acre-tract* IN ADDISON, *vs,* JARED BISHOP.

When an attorney, who has been legally admitted to practice, enters an appearance in a suit, his appearance may be received as evidence of his authority to represent a suitor in court, whether a natural or an artificial person.

When this cause came on for trial, in the county court, and before any plea was put in, the defendant objected that it was commenced without authority from the plaintiffs, and insisted that those who appeared as their counsel should show their authority to institute said suit. The counsel for the plaintiffs insisted they were not obliged to show any such authority : but the court decided it was incumbent on them to show that the suit was authorised by the corporation. Whereupon the counsel for the plaintiffs produced the records of the proprietors, by which it appeared that *Friend Adams* had been appointed by the proprietors an agent with full power *to prosecute any person who had committed, or should commit, trespass on any of the lands in said eight thousand-*

WINDSOR,
*February,*
1829.

Cong'l. Society
of
Woodstock
*vs.*
Swan, Adm'r
of
Healey

ADDISON,
*January,*
1829.

Addison,
January,
1829.
Proprietors &c.
vs.
J. Bishop.

acre-tract, *and also to settle with any trespasser, or to compro-mise any suit which he might cause to be instituted.* The plaintiffs' counsel then offered to show that they were employed by the said *Adams* to commence the suit. This was objected to by the defendant's counsel, and the objection was sustained by the court. The court directed a nonsuit, with leave for the plaintiffs to file exceptions, and remove the cause to the Supreme Court, on a motion to have the nonsuit set aside and a new trial granted.

*Phelps, for the plaintiffs.*—1. The counsel for the plaintiffs contend, that the defendant, being a stranger to the title, could not deny the authority of the plaintiffs' counsel to commence the suit; they being officers of the court, and sworn attornies thereof. This point was decided by the circuit court of the United States in the case of the *Society for propagating the gospel in foreign parts* vs. *Wheeler et al.*—See also 9 *Wheaton*, 738.—2 *Kent's Com.* 235.

2. The plaintiffs' counsel also contend that the court erred in rejecting the evidence offered to show that they were employed by said *Adams* to commence said suit, for two reasons. *First*, That the act authorizing the inhabitants of towns and other corporations to maintain and defend suits at law, *(Statute p. 156)* does not make it *imperative* on such corporations to appoint agents or attornies to prosecute and defend their rights; but simply *empowers* them to do it. The consequence therefore is, that a stranger cannot contest the right of any person who may represent himself as an agent of said corporation for prosecuting, or of any attorney of this court who commences a suit. The agent or attorney is liable only to said corporation, and of this a stranger has no right to inquire. A recovery in the present case will bar any other recovery for the same trespass. *Second.* That the act relative to proprietors' meetings and division of lands *(Stat. p. 670)* does not require that it should be particularly stated in the warning, that the proprietors should take measures to prevent trespasses on their lands; the only object of the statute being to notify each proprietor when a division is to be made, or taxes levied. And this is for their mutual benefit. In this, strangers have no interest, and at a regular meeting, under a legal warning, most certainly such proprietors may pass a vote authorizing one of their own body to protect the corporate property by suits at law, when necessary, which is precisely the present case. It cannot lie with a stranger to contest the legality of this appointment, whether such subject is named in the warning or not. Aside from this, the general notice that the proprietors were " to transact any other busi-

ADDISON,
January,
1829.

Proprietors &c
vs.
J. Bishop.

ness found necessary when met," appears amply sufficient, if there were a doubt as to the other point.

*Bates, for the defendant.*—The *first* question in this case is, whether it is necessary for the plaintiffs' counsel to show any authority to prosecute the suit.   It is a universal maxim of the law, that where the right to property is equal, the condition of the possessor is best.   And the only way in which the defendant can protect himself in this right (in the present case) is by calling for proof that the proprietors are prosecuting him.   If the plaintiffs' counsel are not obliged to show this, the defendant, though in possession, is put on proof of title without any proof at all on the part of the plaintiffs.   In other words, the mere existence of the suit in court is, *prima facie*, proof of the plaintiffs' right to recover, though the defendant has the possession.   If this is correct, the different possessors of this tract, without any legal title, have only to instruct their counsel to bring suits in the proprietors' name, and turn out others who have as good a title as themselves ;   and this they may do alternately as long as they please.   This defendant, as soon as this suit is ended, may bring one against the person at whose instance this is brought, and turn him out of the same premises.   The statute *(page 156, Chap. 14, sec. 2,)* was not intended to have this effect.   It was probably designed to do away the difficulty of ascertaining the names of the individual proprietors at all times, many of whom were non-residents, and also of getting their assent to the suit.   This is not in the nature of a dilatory plea ;   it goes to the merits of the action.   The defendant could not plead that those who caused the suit to be brought were not proprietors, because he could not know their names.   And such plea, covering the whole ground of the action, could not be considered a plea in abatement.   The fact that the suit was the suit of the proprietors, was necessary to be shown, on the *general issue*, from the very nature of the case ;   and nothing, of course, was waived by the defendant's appearance and the continuance of the cause.   It was then necessary to show the authority for prosecuting this suit.

*Second. Friend Adams* was appointed an agent at a proprietors' meeting, and had employed the plaintiffs' counsel.   But in the warning of this meeting, no notice was given of any such business to be done as the appointment of an agent.   The statute *(page 670, Chap. 100, sec. 1,)* provides that the warning shall set "forth the time, place, and the several matters and things to be " transacted, and the reasons for calling such meeting;" and then authorizes the proprietors to do any business "which concerns the

EE

ADDISON,
January,
1829.
" propriety, notified as aforesaid." The proprietors were not to-gether as individuals, nor does it appear how many were present.

Proprietors &c Their acts have no effect, therefore, any further than as a proprie-
vs.
J. Bishop. tary, acting by the authority of the statute; and this only authoriz-es them to do the business "notified."

TURNER, J. delivered the opinion of the Court.—The plain-tiffs' counsel move that the nonsuit be set aside, and that they be permitted to appear and prosecute.

It is a well settled principle, that aggregate corporations should appear by attorney, and, also, that the appearance of an attorney, legally admitted to practice, is always received as evidence of his authority to represent a suitor in court; and in this respect, there is no difference between a natural and an artificial person. The cases cited by the plaintiffs' counsel go fully to establish these principles; nor do any of the evils complained of result from their application in this case. After the admission of counsel, the de-fendant may plead in abatement, that the persons named in the suit are not in existence, being fictitious persons, or that they are not qualified to maintain a suit; and he can also put them on proof, that they are possessed of the property described in their de-claration, and that the defendant is guilty of the alleged trespass. After the admission of counsel, the plaintiffs would be bound to establish, by legal testimony, such facts as would entitle an indi-vidual to recover in a similar action. This view of the subject supercedes the necessity of any remarks on the legality of the proprietors' meeting.

Nonsuit set aside, and the plaintiffs' counsel permitted to ap-pear in the suit.

*Phelps*, for plaintiff,
*Bates*, for defendant.