FRANK STEFFE *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk.   January 18, 1892. — May 7, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Demurrer — Due Care — Notice — Employers' Liability Act.*

In a demurrer which goes to the whole ground of action, or to the whole defence stated in the answer, it is sufficient to aver the cause in the general words of the Pub. Sts. c. 167, § 12; but where mere defects or omissions in the form of statement are relied on, they must be specially pointed out.

In a declaration in an action of tort for an injury received by the plaintiff, the employee of a railroad corporation, an averment that the plaintiff "duly" gave notice of the time, place, and cause of the injury is sufficient.

Where, in an action of tort for an injury received by the employee of a railroad corporation, a notice is given, purporting to be for the person injured, by an attorney at law, especially if he afterwards represents the plaintiff in his action, express authority to give the notice, if such notice is necessary, may be presumed, in the absence of anything to show the contrary.

In an action of tort for an injury received by the employee of a railroad corporation, the evidence tended to show that it was customary to examine trains in motion, and that the plaintiff was inspecting such a train; that the other train came upon him unexpectedly and rapidly, without such warning and signal as he might well expect to have; that his duty called upon him to work in dangerous places, where it would be careless for ordinary persons to go; and that there was a brakeman upon the coming train who, according to the usual custom, and in the proper discharge of his duty, would either slacken the speed of the train or give sufficient warning to enable the plaintiff to get out of the way. *Held,* that there was sufficient evidence for the jury that the plaintiff was in the exercise of due care.

The provisions of the St. of 1887, c. 270, § 1, cl. 3, which provide for recovery in case of personal injury caused to an employee "by reason of the negligence of any person in the service of the employer who has the charge or control of any signal, switch, locomotive engine, or train upon a railroad," include, in case of a railroad corporation, every person, and must be deemed to mean any person in the service of the company who has charge or control for the time being of the train by which the employee was injured.

ALLEN, J.   The defendant demurred to the declaration, and in support of the demurrer contends that the first count is defective because it does not state in what the alleged negligence of the brakeman Thompson consisted, or in what way his alleged incompetence caused the injury complained of. The allegations on this point, in substance, are that by reason of the negligence

and incompetence of Thompson, then in the defendant's employ as a brakeman, and having charge or control of a train at that time moving, etc., the plaintiff was caught between two moving trains, and was hurt. The above ground of objection is not open under the demurrer, because it is not specially pointed out, as required by the Pub. Sts. c. 167, § 12. If this objection had been specially pointed out, the plaintiff might, if so advised, have easily avoided it by amending his declaration.' In a demurrer which goes to the whole ground of action, or to the whole defence stated in the answer, it is sufficient to aver the cause in the general' words of the statute. *Proctor* v. *Stone,* 1 Allen, 193. *Chenery* v. *Holden,* 16 Gray, 125. But where mere defects or omissions in the form of statement are relied on, they must be specially pointed out. *Suffolk Bank* v. *Lowell Bank,* 8 Allen, 355. *Train* v. *Boston Disinfecting Co.* 144 Mass. 523. *Windram* v. *French,* 151 Mass. 547. The defendant's objection falls within the latter class; and without considering whether, if properly taken, the objection would have weight, it is clear that the defendant cannot avail itself of a merely technical ground of objection, without complying with the technical requirement of the statute.

The only ground of objection specially pointed out is, that the declaration does not set forth when notice of the time, place, and cause of the injury was given. The averment is that the plaintiff " duly " gave such notice. This is enough. *Commonwealth* v. *Chase,* 127 Mass. 7, 13. Pub. Sts. c. 167, § 2, cl. 3. See also form of declaration, *Indorsee* v. *Indorser,* Pub. Sts. p. 977.

The notice was signed " Frank Steffe, by Geo. Fred Williams, his attorney "; and no evidence was offered that it was given by direction of the plaintiff, or that Williams was in fact authorized to sign and serve it. The defendant objected to its admission in evidence. But no formal proof was necessary to show that Mr. Williams was an attorney at law, and the declaration is signed by him. The notice is the first step in the legal proceedings taken with a view to recover damages; and where a notice is given purporting to be for the person injured, by an attorney at law, and especially by one who afterwards represents the plaintiff in his action, if express authority to give the notice is necessary,—respecting which see *Taylor* v. *Woburn,* 130 Mass. 494, and Roberts & Wallace, Employers' Liability, (3d ed.) 317

*et seq.*, 481, — it may be presumed that he had it, in the absence of anything to show the contrary. His declaration that he had authority, or his assumption of authority, is *prima facie* sufficient. *Manchester Bank* v. *Fellows*, 28 N. H. 302. *Bridgton* v. *Bennett*, 23 Maine, 420. *Penobscot Boom Co.* v. *Lamson*, 16 Maine, 224. *Addison* v. *Bishop*, 2 Vt. 231. Rule 11 of Superior Court.

There was sufficient evidence for the jury that the plaintiff was in the exercise of due care. The evidence tended to show that it was customary to examine trains in motion, and that the plaintiff was inspecting such a train; that the other train came upon him unexpectedly and rapidly, without such warning or signal as he might well expect to have; that his duty called upon him to work in dangerous places, where it would be careless for ordinary persons to go; and that there was a brakeman upon the coming train, who, according to the usual custom, and in the proper discharge of his duty, would either slacken the speed of the train, or give sufficient warning to enable the plaintiff to get out of the way. The plaintiff was entitled to go to the jury upon the question of his due care. *Snow* v. *Housatonic Railroad*, 8 Allen, 441, 449. *Lawless* v. *Connecticut River Railroad*, 136 Mass. 1.

It is obvious that there was sufficient evidence to warrant a finding that Thompson was negligent, and this is conceded. But it is contended that he was not in charge or control of the train. The language of the statute is, " By reason of the negligence of any person in the service of the employer, who has the charge or control of any signal, switch, locomotive engine, or train upon a railroad." The question is, Was there evidence warranting the jury in finding that Thompson, the brakeman, was in charge or control of the train ? In the opinion of a majority of the court, there was. The statute obviously implies that some person is to be regarded as being in charge or control of a moving train, and makes the defendant responsible for the negligence of any person in its service who has such charge or control. It is not necessary that he should be a conductor, or have any other particular office or position. The statute includes every person, and must be deemed to mean any person who has such charge or control for the time being. Ordinarily,

one who is to determine whether the train is to move or remain stationary, and who is to give directions as to the moving or stopping of the train, may be said to be in the charge or control of it. In the case before us, the only persons upon the train were the engineer and the brakeman. The engineer was on the engine, and the brakeman was at the rear end of the car. The train was backing; and there was evidence that one purpose for which the brakeman was stationed there was, when the train was backing, to see that there was no obstruction on the track, and to watch the track, and if any person should be in a position of danger, to stop the train, or to call to him, or in some way give a warning or signal of the danger. He could stop the car by the use of the automatic brake, or by signalling to the engineer. It did not appear that he was acting under the orders of any immediate superior. As between the engineer and the brakeman, under the evidence, the jury might find that the brakeman was in charge or control of the train at the time of the injury, and that it was for him to determine whether the train should move on or stop. See *Cox* v. *Great Western Railway*, 9 Q. B. D. 106; Roberts & Wallace, Employers' Liability, (3d ed.) 294.                              *Exceptions overruled.*

*J. H. Benton, Jr.*, for the defendant.

*G. W. Anderson*, for the plaintiff.