KNUD JENSEN, Appellee, v. THE OMAHA & ST. LOUIS RAIL-
ROAD COMPANY, Appellant.

**Fellow Servants:**    "USE AND OPERATION OF RAILWAY" DEFINED.
Under Code, section 2071, making railway companies liable
to employes for injuries from the negligence of fellow servants
where such negligence is in any manner connected with the
use and operation of the railway on which they happen, a
car cleaner working in a standing car on a side track is en-
titled to recover for injuries inflicted by the negligence of a
hostler in charge of an engine in failing to notice that a
switch was open, and running his engine against that stand-
ing car, the cleaner being exposed to the hazards incident to
the use and operation of the road, and the movement of the
engine constituting such use and operation.

SAME: *Scope of employment.* Where a hostler took charge of an
engine to take it to the roundhouse, but before doing so ran
out some distance from the main track to take the yard
master to his dinner, he was not, after his return, and while
proceeding to the roundhouse, outside the scope of his em-
ployment, so that the railway company was not liable for in-
juries inflicted by his negligence on a fellow servant.

NEGLIGENCE: *Jury question.* Where the person operating an en-
gine on switch tracks did not look to see the condition of the
switch ahead, but asked another person on the engine if the
switch was all right, and, on that person looking around as
if he heard, "took it for granted" that the switch was properly
set, the jury were justified in finding the operator of the engine
negligent.

PLEA AND PROOF. Where a petition alleged that plaintiff was in-
jured by a motionless car, in which he was working, being
"run into with great force, negligently and without warning,
by a locomotive belonging to and under control of defendant,"
evidence that the accident was occasioned by an open switch
was admissible.

*Appeal from Pottawattamie District Court.*—HON. WALTER
I. SMITH, Judge.

. TUESDAY, JANUARY 28, 1902.

ACTION at law to recover damages on account of personal injuries alleged to have been occasioned by the defendant's negligence. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*J. G. Trimble* and *Pusey & McGee* for appellant.

*Finley Burke, Ambrose Burke,* and *C. B. Ailchison* for appellee.

WEAVER, J.—Plaintiff was in the service of the defendant as a coach cleaner. At the time of the accident he was engaged in the line of his duty in a baggage car standing on what is known as the "coach track" in defendant's yard at Council Bluffs. While so employed, an engine, being operated by defendant's hostler, and running six or eight miles an hour, came in collision with the baggage car, throwing plaintiff against the rim of the car stove, and causing the alleged injuries of which he complains. The appellant contends: (a) That appellee's duty as coach cleaner does not bring him within the benefit of Code, section 2071, giving right of action against his employer for the negligence of a fellow servant; (b) that, even if it be conceded that in performance of some portion of his duties he would come within the benefits of the statute, he was not so employed at the time the alleged injuries were received; (c) that the act of the engineer or hostler in moving the engine at the time of the collision was outside of the scope of his employment, and the company is therefore not liable for his negligence, if any, in so doing; and (d) that the trial court erred in admitting evidence of the open switch through which the engine passed in upon the coach track to the point of collision.

I. The statute above referred to provides for the liability of a railroad company to its employes for injuries received by them. in consequence of the neglect of the com-

pany's agents, or by any mismanagement of the engineers or other employes thereof, whenever such negligence is "in any manner connected with the use and operation of the railway on or about which" they shall, at the time of the alleged injury, be employed. This provision has been construed as embracing within its protection all that class of employes whose employment "exposes them to the peculiar dangers and perils attendant upon the use and operation of railroads." *Kealley v. Railway Co.,* 94 Iowa, 685; *Akeson v. Railway Co.,* 106 Iowa, 54; *Redding-ton v. Railway Co.,* 108 Iowa, 99. And, while the rule itself is not difficult of statement or comprehension, the boundary line between the "class" which is and the "class" which is not so peculiarly "exposed" to the hazards of railway operation is by no means so clear as to be always free from doubt. Language has been employed which, standing alone, and literally construed, might seem to imply that no employee unless he be a trainman, and no injury except such as is received in the movement of trains, is contemplated by the statute. This interpretation we have in numerous cases held to be entirely too narrow. Among others found to be entitled to recover have been the section hand, the section foreman, the shop hand, the clinker man, the detective, the gravel shoveler, and the snow shoveler; none of whom had any connection with the train service proper. These cases have been recently collated and discussed by the court, and require no extended citation. See *Akeson v. Railway Co.,* 106 Iowa, 54; *Larson v. Railway Co.,* 91 Iowa, 81; *Butler v. Railroad Co.,* 87 Iowa, 206. The kind of labor in which the employe is engaged is not the test of his right of recovery so much as the fact whether, in the performance of that labor, he is, for the time being, exposed to the peculiar hazards which arise from or are connected with the use and operation of the road. *Pyne v. Railroad Co.,* 54 Iowa, 225. It has also been held that the movement of a lone engine by a hostler over the side track or about the

yards or in the cinder pit is a "use and operation of the road" within the meaning of the law.   *Buller v. Railroad Co., supra; Larson v. Railway Co., supra.*   If that holding be correct,—and we see no reason to doubt it,—then the plaintiff in this case, being in his proper place in the baggage car in defendant's yard, where, as shown by the evidence, switch engines and other engines were frequently run back and forth switching and turning cars, making up trains, and sometimes moving the cars in which the cleaners were at the time employed, was clearly exposed to perils peculiarly incident to railroad use and operations.   Counsel have given considerable attention to the question whether the work of cleaning was ordinarily performed while the coaches were being switched about the yard, but we do not regard this fact of controlling importance.   If the work was done exclusively while the coaches were at rest, the dangers to which plaintiff was exposed by the use and operation of the yard as a part of the railroad were not thereby eliminated.   Those dangers are notorious, and inseparable from the operations of engines and cars over a network of tracks.   Prominent among such obvious perils we may mention the negligent placing of the coaches too near the switch to "clear" an adjacent track, the misplacing of a switch, the running of another car or engine in upon the coach track at a negligently high rate of speed, and the failure of an engineer to interpret a signal or obey an order.   All these contingencies are peculiar to the use and operation of the railroad, and, plaintiff's employment being such as to necessarily expose him to hazards so arising, he is clearly of the class contemplated by the statute.   This conclusion is directly in line with *Pierce v. Railway Co.,* 73 Iowa, 140, where the plaintiff, a mechanic, was engaged in removing a screen from the outside of a coach standing on a side track, and, being injured by the negligent moving of the train, he was permitted to recover.   There is nothing there-

fore, in this branch of the case, to justify a reversal of the judgment below.

II.   We turn now to the further proposition of appellant that the hostler's conduct in moving the engine was outside of the scope of his employment. Whether, if this were correct, it would, under the present status of the law of railway master and servant in this state, be available as a defense to appellee's claim, we need not determine, for we think the facts do not sustain the objection raised. The basis of the objection is as follows: The evidence tends to show that the hostler assumed charge of the engine for the purpose of taking it to the roundhouse, as was his duty, but before doing so, acting upon the order or request of the yard master, he ran out some distance on the main track, taking that official home to his dinner. Returning from this trip to the point of departure, he passed with his engine in upon the roundhouse track, and, stopping, closed the switch behind him. Starting, then, for the roundhouse at a somewhat rapid pace, he failed to observe that the switch leading from the roundhouse track to the coach track was open, and thus unexpectedly was thrown in upon the latter, and against the coach in which the appellee was at work. If, in taking the yard master to his dinner, the hostler was so out of the line of his duty as to relieve appellant from responsibility for his negligence while so improperly engaged (which we need not decide), it is sufficient here to say that such departure from his ordinary service had ceased. The trip had been made and completed, and he had in accordance with his admitted duty, entered upon the appropriate track to reach the round house, where he was to store and care for the engine. This was plainly within the scope of his employment, and his prior trip for the accomodation of the yard master is wholly immaterial.

III.   The assignment of error upon the admission of testimony concerning the open switch is not well taken. The

allegation of negligence stated in the petition is "that said baggage car was run into with great force negligently, and without notice or warning by a locomotive belonging to said defendant, and under its charge and control," thereby injuring the plaintiff; and "that by reason of the force with which said car was run into by reason of the negligence of the company and its employes plaintiff had one of his ribs broken," etc. An amendment to the petition set out the name of the hostler in charge of the engine, but adds nothing to the charge of negligence. This charge, as will be seen, is of a very general and quite indefinite nature, and, in the absence of any order of court requiring more specific allegations, appears to be broad enough to admit proof of negligence in respect to the switch, as well as in the handling of the engine. Moreover, if plaintiff be held to rely alone upon the negligence of the hostler, the fact of the open switch was so intimately connected with the collision complained of that no clear statement of the accident could have been given by the witness without revealing it.

IV. It is also urged that there is no showing of negligence on part of a hostler in failing to notice the open switch. The testimony of that person shows that he did not look to ascertain for himself the condition of the switch, but contented himself with asking another person. He says: "A man by the name of Larish was with me on the engine, and I asked him if the switch was all right at the coach track. The steam was blowing and making a noise, and Larish looked around just as if he heard me, and I took it for granted that the switch was all right." The jury needed no other evidence to justify its verdict in this respect. The negligence is manifest. Other points made by the appellant are dependent upon those we have above discussed, and do not require further consideration.

The judgment of the district court is AFFIRMED.