MARY HINES *vs.* STANLEY G. I. ELECTRIC MANUFACTURING' COMPANY.

MARY HINES, administratrix, *vs.* SAME.

Berkshire.    September 8, 1908. —October 19, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.  *Statute. Practice, Civil,* Discretion of judge, Exceptions.

In actions by the administratrix and the widow of one who had been employed by the defendant, a manufacturing corporation, in which recovery was sought for conscious suffering and death of such employee, the declaration alleged that the accident was due to the employee's having been run over by a switching engine owned and operated by the defendant in its factory yard, and contained counts alleging in substance that the injury was caused by a defect in the ways, works and machinery of the defendant, by negligence on the part of the superintendent, by negligence of the defendant in failing to give the employee suitable warning and instructions and in failing to employ a sufficient number of workmen to operate the railroad tracks, switches and appliances, and also a count under R. L. c. 106, § 71, cl. 3, alleging that the accident was due to the negligence of a person employed by the defendant who was in charge of a locomotive engine and train in its yard. At the trial, the plaintiff's evidence tended to show that there were various tracks in the yard in question, but no turn tables and no " Y," that the engine which ran over the plaintiff's intestate was owned by the defendant and operated by a person in its employ, that it was customary, whenever the engine was moved, to ring its bell, and that the engineer had been instructed to ring the bell when passing over a crossing; that the plaintiff's intestate was the caretaker of the yard, and it was his duty to gather up rubbish and keep the drains open " all over the yard," that, just before he was run over, he was engaged in clearing out a culvert which was behind the engine as it stood still, partly on a crossing, and that he was bending over, astride of one of the railroad rails, with his back to the engine, that the engine started without the bell being rung and without any warning to the plaintiff's intestate; and he was run over. The presiding judge, at the close of the plaintiff's

evidence, directed a verdict for the defendant; and the plaintiff excepted. *Held*, that the exception should be sustained, since there was evidence from which the jury would have been warranted in finding that the plaintiff was in the exercise of due care, and since, although there was no evidence which would warrant submitting the case to the jury on the other counts, there was evidence warranting a finding that the plaintiff's intestate was run over and killed by reason of the negligence of a person in the defendant's employ who was in charge of a locomotive engine or train upon a railroad.

Under R. L. c. 106, § 71, cl. 3, a manufacturing corporation, which owns and operates as its private property in its factory yard switching tracks and an engine, is liable for personal injury caused to one of its employees and due to negligence on the part of a person in its employ who is in charge or control of such engine upon such tracks.

*It seems*, that determination of the questions whether a plaintiff in an action of tort should or should not be ordered to furnish further particulars than those set out in his declaration, and whether, after he has furnished further particulars, he has furnished all that he should, is wholly within the discretion of the judge before whom the questions are raised, and his rulings thereon are not subject to exception.

TWO ACTIONS OF TORT, to recover for the conscious suffering and death of James Hines while in the employ of the defendant, caused by his being run over by a locomotive engine belonging to the defendant, which was attached to cars and was running upon a track in the defendant's factory yard. Writs in the Superior Court for the county of Berkshire dated January 17, 1907.

There was a trial before *Hitchcock*, J., who, at the close of the plaintiff's evidence, directed a verdict for the defendant; and the plaintiff excepted.

The facts are stated in the opinion.

*J. F. Noxon*, for the plaintiff.

*C. H. Wright*, for the defendant.

MORTON, J.   These are actions of tort brought by the widow and administratrix respectively of one James Hines, — the first for his death and the second for his conscious suffering and death.

They were tried and argued together.

The deceased was in the employment of the defendant company and was run over and killed by a switch engine which was attached to some cars that were being moved by the defendant in its factory yard in Pittsfield. The engine was leased and operated by the defendant, — the engineer being hired and paid by it. The defendant's yard was fifty acres or more in extent and was bisected by the main line of the Boston and Albany

Railroad, from which three side tracks ran into the yard, two on the northerly and one on the southerly side of the railroad. After these side tracks entered the yard, they branched out in many different directions to serve the various buildings. There were no Y's or turntables in the yard, and the engine could only move forwards or backwards as it was headed when it entered the yard. The deceased was caretaker of the yard and it was his duty to gather up any rubbish that might be scattered around and to keep the drains open. His work was " all over the yard " and he had charge of all of the tracks. It is nowhere particularly so stated in the bill of exceptions, but we infer that the tracks in the yard were built and maintained by and belonged to the defendant. At the time of the accident it was raining quite hard and had been for several hours. The engine and cars were standing, as there was evidence tending to show, partly on a crossing in the yard. The deceased went by them and stopped a short distance away and began to clean out with a long handled shovel a culvert which ran under the track. He stood stooping over astride of one of the rails with his back to the engine. While he was thus engaged, the engine backed down upon him and ran over and killed him. There was evidence tending to show that it was customary to ring the bell whenever the engine was moved in the yard and that the superintendent had instructed the engineer to ring the bell over crossings. There was also evidence tending to show that the bell was not rung at the time of the accident. At the close of the plaintiff's evidence the presiding judge, on the defendant's motion, directed the jury to return a verdict for the defendant in each case, and the plaintiff duly excepted to the ruling thus made. The cases are here on the exceptions thus taken, and on exceptions to the exclusion of certain evidence.

The actions are brought under the employers' liability act so called. R. L. c. 106, §§ 71, *et seq.* There are counts in the declaration in each case alleging in substance that the accident was due to a defect in the ways, works and machinery, to negligence on the part of a superintendent, and to negligence on the part of a person employed by the defendant to operate a locomotive and train upon a railroad track in its yard. The declaration in the action brought by the administratrix contains additional

counts alleging that the accident was due to negligence on the part of the defendant in failing to employ a sufficient number of workmen to operate its railroad tracks, switches and appliances so as to enable the other employees to do their work in safety, and in failing to give the deceased suitable warning and instructions.

A general verdict having been ordered for the defendant in each case, it follows that, if in any aspect of the cases under any count there was evidence warranting a verdict for the plaintiff, the exceptions must be sustained. As the cases were left, waiving for the moment the question of the plaintiff's due care, we see no evidence authorizing a finding that the accident was due to a defect in the ways, works or machinery, or to negligence on the part of a superintendent, or to the failure of the defendant to employ a sufficient number of workmen to operate the railroad tracks, switches and appliances, or to failure on its part to give the deceased suitable warning and instructions. The cases must stand, if at all, on the ground that there was evidence warranting a finding that the deceased was in the exercise of due care, that the accident was due to negligence on the part of the engineer of the switch engine and that the defendant is liable therefor.

The defendant contends that the deceased was not in the exercise of due care. The argument is that, for the deceased to place himself upon the track back to the engine a short distance from it and then proceed to clean out the culvert without apparently taking any precautions for his safety, when he must have known that the engine might at any moment move towards him along the track where he was working, was of itself negligence on his part. And if that were all we should have to agree with the defendant that the deceased was not in the exercise of due care. But that is not all. There was evidence tending to show that it was customary to ring the bell whenever the engine was moved and that the engineer had been instructed by the superintendent to ring the bell when passing over a crossing. Whether the deceased knew of this instruction does not appear. But if the jury found, as they fairly might, that it was customary to ring the bell whenever the engine was moved, and that it was rung to warn others who were working in and around the yard

so that they might take due precautions for their safety, and that the deceased knew of and relied upon this custom, then it could not be ruled as matter of law that he was not in the exercise of due care, but it would be a question for the jury whether in the exercise of due care he was justified in relying upon such warning, or whether he should have taken other precautions for his safety. *Ahearn* v. *Boston Elevated Railway*, 194 Mass. 350. *Morena* v. *Winston*, 194 Mass. 378. *Meadow-croft* v. *New York, New Haven, & Hartford Railroad*, 193 Mass. 249. *Carroll* v. *New York, New Haven, & Hartford Railroad*, 182 Mass. 237. *Rafferty* v. *Nawn*, 182 Mass. 503. *Davis* v. *New York, New Haven, & Hartford Railroad*, 159 Mass. 532. *Steffe* v. *Old Colony Railroad*, 156 Mass. 262. *Goodfellow* v. *Boston, Hartford & Erie Railroad*, 106 Mass. 461. It is possible that there may be cases in which the workman would be bound to take other precautions for his safety; but we do not think that this is one of them.

It is plain, we think, that there was evidence of negligence on the part of the engineer and that the defendant is liable therefor. There was testimony which, if believed, tended to show that he did not ring the bell, and that he either did not look to see if there was any one on the track, or that if he did look he looked carelessly. The engine and cars constituted a locomotive and train on a railroad within the meaning of R. L. c. 106, § 71, cl. 3, and, they being in charge of an engineer employed by the defendant, the defendant is liable for the engineer's negligence. There is nothing in the statute limiting it to railroad corporations, though the Legislature had them principally in mind, no doubt, in enacting the clause in question. The dangers to be guarded against in a case like that before us, while not so great as those arising in the freight yard of a railroad corporation, differ from them only in degree, and furnish no ground for construing the statute so as not to cover them. Moreover the case of *Coughlan* v. *Cambridge*, 166 Mass. 268, would seem to be decisive of this on this point.

As there must be a new trial and the questions of evidence now presented may not arise again, or, if they do arise, may come up in a different form, we do not deem it necessary to consider them, though we may observe, in passing, that we do

not at present see why the testimony of the physician was not admissible.*

The defendant contends that, by reason of the insufficiency of the particulars that were ordered to be given, the plaintiff should have been nonsuited as to all the counts in both actions " except the single count filed in each action in amendment." But that question is not before us. It does not appear that the defendant excepted to the refusal of the court to order a nonsuit, and the only exceptions before us are the plaintiff's exceptions. Moreover, the question whether additional particulars should or should not be ordered, and whether those that had been furnished were or were not all that the plaintiff could reasonably be required to furnish, would seem to be a matter wholly in the discretion of the court and not subject to exception. *Harrington* v. *Harrington*, 107 Mass. 329. *Commonwealth* v. *Wood*, 4 Gray, 11.

*Exceptions sustained.*

---

* The physician, the associate medical examiner of Pittsfield, had testified that he had viewed the body of the plaintiff's intestate on the day of the accident, and he described in detail what he had observed at that time. The plaintiff then offered to show by him that, in the witness's opinion, the plaintiff's intestate consciously suffered between the times of his injury and of his death. The evidence was excluded, and the plaintiff excepted.