# MARTIN HOVELAND v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

March 11, 1910.

Nos. 16,454—(184).

**Railroad Hazard.**
>    The work of a yard or shop employee, who is injured by the negligent operation of a locomotive under steam and upon the tracks in a roundhouse, is within the hazards peculiar to the operation of railroads.

**Negligence — Evidence.**
>    Evidence considered, and *held* to sustain a finding that defendants were negligent, and that plaintiff was free from contributory negligence.

Action in the district court for Freeborn county against defendant railway company and Martin Sander to recover $10,000 for personal injuries sustained while moving an engine in defendant's round house. In their answer defendants alleged that at the time of the injury defendant Sander, as hostler, was handling and moving the

1Reported in 125 N. W. 266.

---

[Note]  What is a railroad hazard within statutes abolishing or restricting fellow-servant rule as to railroad employees, see note to Johnson v. Great Northern R. Co. (Minn.) 18 L.R.A. ( (N.S.) 477.

,engine in response to signals given by plaintiff, that it was the duty ,of plaintiff to give the proper and necessary signals and that the ,engine was moved according to the signals given by plaintiff; they :also set up plaintiff's negligence and assumption of the risks. The ,case was tried before Kingsley, J., and a jury which returned a verdict in favor of plaintiff for $1,500. From an order denying the motion of defendant railway company for judgment notwithstanding ,the verdict or for a new trial, it appealed. Affirmed. '

*Morgan & Meighen* and *Stringer & Seymour,* for appellant.

*Norman E. Peterson* and *Dunn & Carlson,* for respondent.

O'BRIEN, J.

The plaintiff was employed by the defendant railway as an engine inspector at the company's roundhouse in Albert Lea. On December 19, 1908, it was desired to bring from the house a tender requiring repairs, and for that purpose a road engine which had just arrived was coupled to the rear end of the tender. The men employed in this work were distributed as follows: Roberts, a machinist, entered the pit beneath the tender to uncouple it from the engine to which it belonged; Madesen, a boiler washer, stood opposite Roberts and a few feet from the track; Sander, the hostler who had taken charge of the engine which was to move the tender, occupied the engineer's position in the cab; Hoveland, the plaintiff, claims to have taken :a position close to the engine and between the pilot beam and cylinder head. The front end of this engine extended into the house only a few feet, the cab was outside, the door was only of sufficient width to permit the entrance of locomotives, so that by assuming the position described the plaintiff could have walked with or followed the ,engine through the door. Upon the front of the pilot was a step for employees, and defendants claimed that plaintiff's proper place, if he wished to remain with the engine, was upon this step.

The proposed plan of operation was that Roberts would announce when he had completed the necessary preparations, Madesen would repeat to plaintiff, who would signal to Sander to start the engine. The plaintiff's claim is that it was necessary for him to occupy the position he assumed in order that he might see both Madesen and

Sander; that if he had stood away from the engine the door jamb would have intervened between him and Sander, and if he had stood upon the pilot step the tender in front would have obstructed his views of Madesen. Some rolls or strips of burlap used to fill the space between the doors and the floor, and thrown to one side when not in use, were on the floor.

Plaintiff testified that, when he signaled to move out, Sander started the engine with a jerk and too fast, and while plaintiff was endeavoring to maintain his position and keep up with the engine his feet became entangled in the burlap, and his arm was caught between the pilot beam and the door jamb and injured. The defendants claimed that plaintiff, when he signaled to start the engine, was not where he testified he was, but must have stepped into this confined space after the engine moved, but that in any event, taking that position, rather than upon the step on the pilot, was contributory negligence, and that any hazard incurred from the location of the burlap was voluntarily assumed. It was denied there was any sudden start of the engine, or anything negligent or unusual in its operation, but that it moved slowly, and, finally, that the work was not within the hazards peculiar to railroad operation, and, Sander being the fellow servant of plaintiff, the company was not liable for any injury plaintiff may have sustained through his negligence.

The court withdrew from the jury the plaintiff's claim of negligence in reference to the strips of burlap, submitting only the question of negligence in improperly starting the engine. Plaintiff had a verdict, and on this appeal by the railway company the claims of the respective parties as above set out are reiterated.

1. The above summary of the respective contentions of the parties shows that this was, both as to defendants' negligence and plaintiff's contributory negligence, a case for the jury. The evidence would clearly sustain a finding for either plaintiff or defendants, and this court would not be justified in substituting the judgment of its members for that of the jury, which is the body to which the constitution intrusts the determination of questions of fact in such a case as this. The learned trial judge fully and correctly instructed the jury as to what would constitute negligence upon the part of defendants, and

contributory negligence, as well as assumption of risk, by the plaintiff. The claim of negligence in permitting the strips of burlap to remain where they might, and as he claims did, catch plaintiff's feet, was properly withdrawn as a ground for recovery; but the location of the burlap was one of the circumstances properly shown to exist as explaining the incidents connected with the occurrence.

2. It is contended that the trial court erred in failing to give certain instructions to the jury, the most important of which was: " \* \* \* That where there are two means of doing an act, by one of which the act may be done with comparative safety, while the other means of doing the act is dangerous, it is the duty of the servant to choose the safer way, unless he is forced to choose the other by stress of circumstances." This was a correct statement of abstract law, although stress of circumstances would include a variety of conditions; but an examination of the general instructions given convinces us that the request was fully covered. The defendants' claim that the plaintiff was not required to place himself in the position he said he occupied was specifically referred to by the court when speaking of plaintiff's conduct, as was also plaintiff's claim that it was necessary for him to occupy that position to give the necessary signals, and we conclude the defendants were not prejudiced by the refusal to give the instruction in the language requested.

3. The jury was instructed, if the defendant Sander was liable, the defendant company was liable as well, which in effect amounted to an instruction that, as a matter of law, plaintiff's employment was within the special hazards of railway operation. In Tay v. Willmar & S. F. Ry. Co., 100 Minn. 131, 137, 110 N. W. 433, 435, it was said: "And, further, that the statute is to be treated as a remedial one for the benefit of railroad employees, and that it is only in exceptional cases that any railway employee can be excluded from its benefits. Whether a particular case is within the statute is a question of fact for the jury, if the facts are in dispute, or, if admitted, different minds might reasonably draw different conclusions from them." In Mikkelson v. Truesdale, 63 Minn. 137, 140, 65 N. W. 260, the following was said: "The plaintiff was injured while assisting in the coaling of an engine by its being negligently moved as he

claims by the hostler. If his claim is correct, he was injured by reason of exposure to the hazards peculiar to the operation of railroads." Nichols v. Chicago, M. & St. P. Ry. Co., 60 Minn. 319, 62 N. W. 386.

In the case at bar the claim is that the plaintiff was injured because of the negligent manner in which a locomotive was operated, and the court correctly stated the responsibility of the railway company for any negligence by Sander in the operation of the locomotive.

Order affirmed.