MICHAEL FLAHERTY *vs.* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

Suffolk.   March 7, 1912. — May 22, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Negligence,* Railroad, Employer's liability.

In an action against a railroad corporation by a car cleaner for personal injuries sustained when in the employ of the defendant, there was evidence that the plaintiff in the course of his duty was returning to a car yard of the defendant and was walking close to a fence by the side of a spur track leading to the car yard where there was not room for him to walk or stand without being struck by a train coming on that track, that for years this route had been used by the employees of the defendant and that it was the only way permitted by the foreman for reaching the yard from the place where the plaintiff had been at work, that it was customary for the rear brakeman of a train that was being backed down to the yard to blow a whistle on the air hose as a warning signal at this place and to look out for persons on and near this track, that the plaintiff relied somewhat on this custom and that no signal was sounded, that the plaintiff also looked behind him a number of times during the minute and a half that he was on or near this track, but saw no train, and that he was struck from behind by a train of empty cars that was being backed down to the yard under the control of a rear brakeman of the defendant, who was negligent both in failing to give the customary signal and in failing to stop the train by the air brakes. *Held,* that the question whether the plaintiff was in the exercise of due care was for the jury, as also was the question whether the plaintiff appreciated the risk and voluntarily assumed it.

A car cleaner in the employ of a railroad corporation does not by his contract of employment assume the risk of an injury due to the negligence of a rear brake-

man of the railroad corporation in failing to give a customary signal of the approach of a train of empty cars in his control on a spur track leading to a car yard and his further negligence in failing to stop the train.

ToRT for personal injuries sustained, when the plaintiff was in the employ of the defendant as a car cleaner, on December 7, 1906, alleged to have been caused by the negligence of a person in the service of the defendant in charge or control of a train. Writ dated May 8, 1907.

The answer was a general denial.

In the Superior Court the case was tried before *Brown,* J. The material facts are stated in the opinion. The accident happened at shortly after five o'clock in the afternoon. The fence, mentioned in the opinion, close to which the plaintiff was walking, was so near the track leading to the car yard that there was not room enough for a person to walk or to stand between it and the track without being struck by a train coming on that track, and the plaintiff testified that if he saw a train coming behind him his only way to escape it was to get over upon the main track.

At the close of the evidence the judge ordered a verdict for the defendant, and reported the case for determination by this court, with a stipulation of the parties that, if the ordering of the verdict for the defendant was wrong, judgment should be entered for the plaintiff in the sum of $2,500; otherwise, that judgment should be entered for the defendant upon the verdict.

*James J. McCarthy,* for the plaintiff.

*G. L. Mayberry,* (*J. M. Gibbs* with him,) for the defendant.

DeCourcy, J. The plaintiff was walking from the Trinity Place station to the Huntington Avenue car yard of the defendant, for the purpose of returning his tools and delivering the usual written statement of his day's work. Along the middle of the railroad location there was a fence; and north of this was the main track for outbound passenger trains and a spur track which led into the yard. Flaherty was walking alongside this spur track and close to a fence that formed the northerly bound of the location when he was struck from behind by a train of empty cars that was backing out from the South Station to the yard.

The path travelled by the plaintiff was a dangerous one, but we

cannot say as matter of law that he was not exercising due care. For years this route had been used commonly and openly by employees of the defendant, "bosses, foremen, brakemen, conductors, car cleaners, men and women." And upon the plaintiff's testimony this was the only permissible way to reach the yards, as his foreman had forbidden him to go around by the street and told him to go down the track. Further there was ample evidence that it was customary for the rear brakeman on trains that were being backed down to the yards to blow the whistle on the air hose as a warning signal at this place, and to look out for persons on or near the track. The plaintiff said that he knew of and relied somewhat upon this custom and that no signal was sounded from the train that injured him. According to his testimony he not only listened for the usual whistle or bell of any approaching train, but took the further precaution of looking behind him a number of times during the minute and a half that he was on or near the track. The main track would have been a still more dangerous place for him on account of the frequency of passenger trains. We are of opinion that it was for the jury to determine the weight to be given to this evidence and to pass upon the due care of the plaintiff. *Hines* v. *Stanley G. I. Electric Manuf. Co.* 199 Mass. 522. *Santore* v. *New York Central & Hudson River Railroad,* 203 Mass. 437. *Anthony* v. *New York, New Haven, & Hartford Railroad,* 208 Mass. 11.

The evidence would warrant a finding that the injury was due to the negligence of one Whalen, the rear brakeman on train 10. He was in charge or control of the train, which he could slow up or stop by applying the air brakes; and for his negligence the defendant is responsible. R. L. c. 106, § 71. He admittedly knew that employees were likely to be on and near the track at the place of the accident, and especially at that hour; he testified that it was his business "to look out for anybody or signals, everything;" that his hand was on the valve and by turning it he could check or stop the train which was entirely within his control; and that a man on the rear platform would have no difficulty in seeing a person who was walking near the fence. The place was well lighted, yet for some unexplained reason Whalen failed to see the plaintiff before the accident. Upon the evidence the jury would be warranted in finding that the accident was due to his failure to stop

the train before the plaintiff was injured. *Steffe* v. *Old Colony Railroad,* 156 Mass. 262. *Hines* v. *Stanley G. I. Electric Manuf. Co.* 199 Mass. 522.

The defense of assumption of risk is not set up in the answer, but counsel have raised no question of pleading. Under the doctrine of contractual assumption of risk the defendant owed no legal duty to the plaintiff to protect him from the dangers that were incidental to his employment as ordinarily and carefully conducted. Here, however, it could be found that the plaintiff's injury was due to a risk that was not usual or ordinary, namely, the approach of a train without the customary warning signal, and the subsequent negligent failure to stop the train. The negligence of the defendant or of those for whose carelessness it is legally responsible, is not assumed by the plaintiff. To rule that the defendant owed the plaintiff no protection from the consequences of its own neglect would be to nullify the statutory provision which expressly imposed upon the defendant a duty towards the plaintiff. Here, as generally, it is for the jury to say whether the plaintiff appreciated the risk of the danger from which he suffered and voluntarily assumed it. And the burden of sustaining this issue is upon the defendant. *Leary* v. *William G. Webber Co.* 210 Mass. 68.

In accordance with the report, judgment is to be entered for the plaintiff in the sum of $2,500.

*So ordered.*