## TAYLOR v. SOUTHERN RAILWAY COMPANY ET AL.

[No. 7,857. Filed April 18, 1913. Rehearing denied June 17, 1913. Transfer denied July 2, 1914.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Statutes.*—Section 8017 Burns 1914, Acts 1893 p. 294, in its provisions for the liability of railroad companies to employes injured by the negligence of any employe in charge of any signal, * * * locomotive engine, etc., is not to be restricted so as to benefit those who may be strictly termed trainmen, but it embraces all that class whose employment exposes them to the peculiar dangers and perils attendant upon the use and operation of engines and trains upon a railroad. p. 631.

2. MASTER AND SERVANT.—*Injuries to Servant.—Statutes.*—Under §8017 Burns 1914, Acts 1893 p. 294, providing that railroad companies shall be liable to employes injured by the negligence of any employe in charge of any signal, * * * locomotive engine or train upon a railway, etc., a switch track over which engines are moved to an ashpit and to the company's roundhouse is a railway. p. 631.

3. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Sufficiency.*—In a railroad engineer's action for injuries sustained by the negligence of a hostler in starting the engine while plaintiff was inspecting it, the averments of the complaint that at the end of each trip the engines were placed upon a siding leading to a cinder pit and the roundhouse, and delivered to the hostler to be moved and cleaned by him, that the rules of the company re-

quired the hostler to ring the bell before starting the engine, that the engineer after placing his engine on the siding and delivering the same to the hostler, proceeded to inspect and examine the same as required by defendant's rules, and that while he was thus engaged the hostler negligently started the engine, sufficiently showed as a matter of pleading that the hostler was at the time in control and management of the engine within the purview of §8017 Burns 1914, Acts 1893 p. 294, making a railway company liable for the negligence of its servants in charge of locomotives. p. 631.

4. MASTER AND SERVANT.—*Injuries to Servant.—Jury Question.*— The question of whether a railroad locomotive was in the custody of plaintiff as engineer, at the time of his injury, or in the control of the hostler, as alleged in the complaint, was a question of fact for the jury. p. 632.

5. MASTER AND SERVANT.—*Injuries to Servant.—Contributory Negligence.—Complaint.*—The court can not say that plaintiff was guilty of contributory negligence from the fact that the complaint shows that after delivering his engine to the custody of the hostler he proceeded to examine and inspect same in compliance with defendant's rules, and was so engaged when he was injured by the hostler's act in starting the engine, in view of the fact that the statute places the burden of showing contributory negligence upon defendant, and the court is required to indulge in favor of plaintiff any inferences upon that subject which may naturally and legitimately be drawn from the averments. p. 633.

6. MASTER AND SERVANT.—*Injuries to Servant.—Assumption of Risk.*—Under §8017 Burns 1914, Acts 1893 p. 294, creating a liability against railroad companies for injuries to employes from negligence of servants in charge of locomotives, a person so injured can not be said to have assumed the risk. p. 633.

7. MASTER AND SERVANT.—*Injuries to Servant.—Negligence.—Complaint.*—A complaint for injuries to a railroad engineer showing that plaintiff had delivered the engine into the custody of the hostler, and that the latter started the same without ringing the bell as required by the rules of the company at a time when he knew or should have known that the plaintiff was engaged in inspecting it in accordance with the rules and custom of defendant, sufficiently charges negligence making the company liable both under §8017 Burns 1914, Acts 1893 p. 294, and under 35 U. S. Stat. Chap. 149, p. 65, U. S. Comp. Stat. Supp. 1909, 1172. p. 633.

From Floyd Circuit Court, *William C. Utz*, Judge.

Action by Albert C. Taylor against the Southern Railway Company and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Paris & Trusty* and *Stotsenburg & Weathers,* for appellant.

*Alex P. Humphrey, Edward P. Humphrey, John D. Welman* and *Walter V. Bulleitt,* for appellees.

IBACH, C. J.—This was an action against appellees to recover for personal injuries received by appellant while in the employ of appellees railway companies, occasioned by the act of appellee Newman, who was also in the employ of said companies. The court sustained the separate demurrers of each appellee to each of the first, second, third and fourth paragraphs of amended complaint. Appellant refused to plead further, and judgment was rendered on the rulings on demurrers that appellant take nothing, and appellees recover costs. The errors here assigned are based on the action of the court in sustaining the aforesaid demurrers.

The four paragraphs of amended complaint are extremely long, covering thirty closely printed pages of the briefs, and cumbered with much unnecessary verbiage. They attempt to state a cause of action under subd. 4, §8017 Burns 1914, Acts 1893 p. 294, which makes a railway company operating in this State liable to a person injured while in its employ and in the exercise of due care, where such injury results from the negligence of another "person in its service who has charge of a locomotive engine upon its railway". The substantial averments of the first paragraph are that the appellees railway companies, owned and operated a certain railroad; that in connection therewith they maintained a switchyard and a roundhouse in the city of New Albany, and near the roundhouse had an ash pit, and a cinder pit track which led from the main track over the cinder pit to the roundhouse; that this track was a part of appellees' railway system, used as such, and used to transfer all locomotives to and from the main track to the roundhouse; that all road engines, at the end of each trip were placed upon this siding by the engineers, and

delivered to the hostler to be moved and cleaned by him and that at the beginning of each lunch hour and the end of each period of service, the yard engines were placed upon this track in order that the hostler might take charge of them and remove them to the ash pit and there clean the fire and grates; that the engineers were directed by appellees railway companies, and were required by rule 573 of appellees' book of rules to examine and inspect their engines "at the end of each trip or other period of service"; that appellee Newman, in the performance of his duties as a hostler for appellees, was ordered and empowered by them to take charge of, move and clean the engines; that Newman was required by rule 30 of the book of rules to ring the engine bell before starting such engine; that on May 30, 1908, appellant was employed by appellees as a yard engineer, that he placed his engine upon this siding at the beginning of the midnight lunch hour, in order that Newman could take charge thereof to clean the fire; that then in compliance with rule 573 he proceeded to examine and inspect the engine and in so doing was required to stand upon the side rods of the engine; while he was so standing upon the side rods, defendant Newman, while in performance of his duties as before set forth, without giving appellant any notice or warning, got upon and took charge of the engine, to move it to the ash pit and clean the fire; that Newman in violation of rule 30 carelessly and negligently set the engine in motion without ringing the bell, and without giving appellant any warning, and before starting the engine carelessly and negligently failed to ascertain if appellant was on the engine performing his duties, which he could have known in the exercise of due diligence. That appellant was in the exercise of due care and had no notice or warning that Newman was on the engine, and that it was about to be set in motion, and relied upon Newman's observing rule 30; that by reason of negligence of appellees in setting the engine in motion without warning and with-

out ringing the bell, in violation of rule 30, appellant was thrown off the side rod of the engine, struck by the wheels, and thrown to the ground, and was severely injured.

The second paragraph is practically the same as the first, except that the rules of the company are not pleaded.

The third paragraph differs from the first in alleging further that the cinder pit track was used for the further purpose of switching and storing cars thereon; that it had been the custom and practice of the engineers for more than two years to examine and inspect their engines while they were in the charge of the hostler, all of which facts were well known to all of appellees; that appellant was employed, ordered and directed by appellees railway companies, and was required by custom and by rule to examine and inspect his engine after it was placed upon this track and after it was in' charge of Newman; that after placing the engine upon the track at the time, appellant gave notice to Newman that the engine was on the cinder pit track, and then proceeded to examine and inspect it.

The fourth paragraph differs from the third in that it avers that when an engine was placed on this siding, the engineer was required to and did, notify the hostler that it was there to be cleaned and examined; that by placing the engine on the track and informing the hostler, the engineer surrendered the *right of actual charge* to the hostler; that the hostler was authorized, empowered and required by appellees railway companies upon receiving such notice to take actual charge of, move and clean the engine; that the yard engineers were not required to examine and inspect their engines before surrendering to the hostler the right of actual charge, but that for more than two years such engineers were *privileged,* and had the right and it had been the custom among them, to make the examination and inspection after the right of actual charge had been so surrendered to the hostler, and that for more than two years it was the custom among such engineers to make the

examination either before or after the hostler had taken actual charge and propelled the engine to the ash pit; and that for more than two years it frequently became necessary for such engineers and the hostler to work on such engines at the same time, for the reason that it frequently required the entire midnight lunch hour for the engineer to complete such examination; that it was the custom for more than two years among all the engineers to examine their engines after the right of actual charge had been surrendered to the hostler, and while such engines were in the actual charge of the hostler; that appellant was required by said rule 573 and by customs in existence for more than two years, and was ordered, directed and required by appellees railway companies, to examine and inspect his engine during the lunch hour, and to make all necessary minor repairs thereon that could be made by him during that hour, and to see that the engine was in serviceable condition; that when appellant placed the engine on the siding, he notified Newman, and then in obedience to such rule, customs, order and requirement, the appellant proceeded to examine and inspect his engine; and all of such customs were well known to all of the appellees.

It is urged by appellees (1) that the present complaint is insufficient to state a cause of action under the statute, because the engine in question was not upon a railway, within the meaning of the statute; (2) that Newman was not in charge of the engine, but rather that appellant himself was in charge of the engine at the time of the injury; (3) that since the complaint is insufficient under the statute, it is also insufficient under the common law, for the reason that Newman was a fellow servant of appellant, and therefore appellant assumed the risk of his acts.

The section of the Employer's Liability Act herein referred to and upon which this action is based must be so construed as to make effective the true intent and purpose of the legislature when the law was enacted. The language em-

ployed indicates that the statute was enacted for the

1. benefit of that class of employes who are exposed to railroad dangers and hazards, not only those who may strictly be termed trainmen, but all that class whose employment exposes them to the peculiar dangers and perils attendant upon the use and operation of engines and trains upon a railroad. All such employes are embraced within its protection. This construction leads us to the conclu-

2. sion that the averments of the several paragraphs of amended complaint upon this branch of the case are sufficient to show that appellant's injury resulted from a railroad hazard upon a railway within the meaning of the statute. It has been repeatedly held by the courts of other jurisdictions where similar statutes exist that each siding is a part of a railway, and that a switch at a roundhouse is a siding, and that such switch tracks as the one described in the complaint before us are a part of a railway, and that the engine was "upon a railway" within the meaning of the statute. *Hoveland* v. *Chicago, etc., R. Co.* (1910), 110 Minn. 329, 125 N. W. 266; *Jensen* v. *Omaha, etc., R. Co.* (1902), 115 Iowa 404, 88 N. W. 952. The same reasoning employed in these cases has been followed by our own Supreme Court in the case of *Cleveland, etc., R. Co.* v. *Bergshicker* (1904), 162 Ind. 108, 112, 64 N. E. 1000.

Appellees further contend that the averments of the complaint make it to appear affirmatively that appellant was in charge of the engine when injured, and therefore

3. no cause of action is stated. If it could be said that the allegations show that the hostler Newman was a mere intruder and had no right to be upon the engine and operate it at the time appellant was injured and that appellant himself was at the time in charge of the engine with full control over it, then the negligent moving of the engine by the hostler was the negligent act of a fellow servant, which could not be imputed to appellees, and the complaint would be insufficient. On the other hand, if the averments

show that the hostler Newman was in charge of the engine in the course of his employment, and that just prior to the accident the right to move the engine had been surrendered to him and that he was given charge over it to operate it, either by the direct terms of his employment, or by the operation of certain practices and customs existing among appellees' employes with full knowledge on the part of appellees, then his conduct would be that of his employers and they will be liable for his negligent acts, under the statute. The engineer and the hostler could not both have had control of the engine at one and the same time. Either one or the other had charge and control of its movements at the time the injury to appellant was inflicted. We must concede, generally speaking, that when the engineer is on his engine and running it, and has actual custody of it, that he is in control of it, but such conditions might exist that when he was not actively manipulating its movements, some other person would be in charge and control over it. It seems clear to us that the averments are sufficient as a matter of pleading to charge that the hostler not only had the right to the control and operation of the engine when appellant was injured, but that he had at the time assumed such control and management, and while acting in such capacity he moved the engine from the point where it had been abandoned by the regular engineer to the point where the grates were to be cleaned. As to which one of the parties, however, the engineer or the hostler, was actually in charge of the engine at the particular time of the injury remains a question of fact for the jury to be determined from all the evidence with proper instructions from the court. *Louisville, etc., R. Co.* v. *Goss* (1902), 137 Ala. 319, 34 South. 1007; *Denver, etc., R. Co.* v. *Vitello* (1912), 21 Colo. App. 51, 121 Pac. 112; *Louisville, etc., R. Co.* v. *Richardson* (1893), 100 Ala. 232, 236, 14 South. 209; *Flaherty* v. *New York, etc., R. Co.* (1912), 211 Mass. 570, 98 N. E. 606.

We are unable to say that the facts averred show appellant to have been guilty of contributory negligence, especially in view of the fact that the statute placed upon
5. appellee the burden of establishing this defense, and makes it our duty to indulge in favor of appellees any inferences upon that subject which may be naturally and legitimately drawn from the averments of the complaint. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99; *Indiana Union Traction Co.* v. *Abrams* (1913), 180 Ind. 54, 101 N. E. 1. Further-
6. more, it can not be said that the facts show that appellant assumed the risk arising from the negligence of a coemploye in charge of the engine, as that proposition has been fully determined against appellee by this and the Supreme Court when a similar question was under consideration. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 78 N. E. 1033; *Cleveland, etc., R. Co.* v. *Gossett* (1909), 172 Ind. 525, 87 N. E. 723. It also appears from the several paragraphs of the complaint that appellee Newman moved the engine in violation of a rule of appellees railway companies, which required him
7. to ring the bell before moving it, and at a time when he knew or should have known that appellant in the performance of his duties as inspector of the engine was expected to and by specific direction and long established custom frequently did the work required of him, about the engine, when it was in charge of the hostler, and these averments, when considered with the ones preceding, sufficiently charge Newman with actionable negligence, for which appellees railway companies must answer. We have held that the complaint states a cause of action under our State statute. It also states facts sufficient to show a cause of action under the United States statute applying to railways engaged in interstate commerce. 35 U. S. Stat. Chap. 149 p. 65, U. S. Comp. Stat. Supp. 1909 p. 1172; *Mondau* v. *New York, etc., R. Co.* (1912), 223 U. S. 1, 32 Sup. Ct. 169,

56 L. Ed. 327, 38 L. R. A. (N. S.) 44. We are therefore of the opinion that the trial court erred in sustaining the separate demurrers of appellees to each paragraph of complaint, and for these errors the judgment must be reversed. Judgment reversed.

NOTE.—Reported in 101 N. E. 506. As to risks assumed by servant, see 52 Am. Rep. 737. See, also, under (1) 26 Cyc. 1370; (2) 26 Cyc. 1375; (3, 7) 26 Cyc. 1395; (4) 26 Cyc. 1477; (5) 26 Cyc. 1419, 1455; (6) 26 Cyc. 1182.